THE CITY OF ST. LOUIS, TO THE USE OF DEPPELHEUER *et al.*, Appellant, *v.* LINA NEWMAN *et al.*, Respondents.

1. *Limitations—Special tax bills, statute applies to.*—A special tax bill issued more than five years prior to commencement of suit for its collection, is barred by the statute of limitations. (Gen. Stat. 1865, ch. 191, § 10.) In such suit the city is the substantial plaintiff; and as that section in terms applies to demands in favor of the State, by implication it also applies to demands of a city corporation created by the State, in the absence of any provision to the contrary.

*Appeal from St. Louis Circuit Court.*

*Woerner & Kerr*, for appellant.

*Bakewell & Farish*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover a special tax assessed against property of the defendants, on account of certain street improvements.    The tax bill was issued more than five years prior to the commencement of the suit, and the statute of limitations is relied on as a defense.    The suit is not founded upon a contract, but

upon a liability created by statute. The action is brought to recover a special tax assessed under authority of law. (City of St. Louis, etc., v. Hardy, 35 Mo. 265.) It is personal as well as *in rem*, and the city is the substantial plaintiff. (St. Louis, etc., v. Clemens, 36 Mo. 472–3.) Is it "an action upon a liability created by statute" in such sense as to bring it within the scope of the statute of limitations? (R. C. 1855, p. 1048, § 3, being the same as Gen. Stat. 1865, p. 747, § 10.) That is the only point presented for consideration.

The liability sued on was unquestionably "created by statute," and so comes within the words of the limitation enactment. But it is urged that time does not run against the government. Whether this argument applies to the facts of the case under consideration it is not necessary to inquire. It is answered by the act of limitations itself, which provides that limitations "shall apply to actions brought in the name of the State, or for its benefit, in the same manner as to actions by private parties." (Gen. Stat. 1865, p. 749, § 33.) If the act applies to demands in favor of the State, as it clearly does, then it must apply to demands of a city corporation created by the State, in the absence of any special provision to the contrary. No question can here arise as to the constitutionality of the provision last referred to, since it was in force for considerably over two years prior to the institution of this suit. (See Stephens v. St. Louis National Bank, 43 Mo. 385.)

With the concurrence of the other judges, the judgment will be affirmed.