Turner v. Burns.

GEORGE W. TURNER, Appellant, v. MARY N. BURNS, Respondent.

Kansas City Court of Appeals, November 10, 1890.

1.  **Limitation**: SPECIAL TAX BILL. An action on a special tax bill is barred by the five years' limitation.

2.  ——— : ——— : INSTITUTION OF SUIT. The depositing the tax bill with the justice before the five years' limitation had run, but not delivering process to the constable until it had expired, is not such commencement of suit as to save the action from the bar of the statute.

*Appeal from the Buchanan Circuit Court.* — HON. O. M. SPENCER, Judge.

AFFIRMED.

*Jas. F. Pitt*, for appellant.

(1) By the charter of St. Joseph (Laws, 1865, p. 436), under which this tax bill originated, it was provided that "said certified bill shall be delivered to the contractor for the work, who shall proceed to collect the same by ordinary process of law  *  *  * and each certified bill shall be a lien against the lot of ground described therein." No limitation was provided, and there is none unless under the general law. The proceeding is essentially a real action, a proceeding *in rem;* no personal judgment can be rendered in any event, and, since such an action is not specifically named in the statute, the third clause of section 6774, Revised Statutes, 1889, "actions for relief not herein otherwise provided for," is the only one that can apply. *Bush v. White*, 85 Mo. 359; *Robinson v. Ware*, 94 Mo. 683; *Zoll v. Carnahan*, 83 Mo. 41. The limitation of five years in the second clause of the next section, 6775, "an action upon a liability created by statute, other than a penalty or forfeiture," has no application to real

Turner v. Burns.

actions. The term liability is not used to express a charge or lien against real estate, and besides the words italicized clearly indicate the character of the actions to which that clause applies. Speaking of the fifth clause of this section, "an action for relief on the ground of fraud," this court in *Hunter v. Hunter*, 50 Mo., page 451, says: "This clause is in the same section which applies to personal actions, included under the five years' limitation. * * * It was not the intention of the legislature to comprehend actions relating to lands in this clause." The section is universally held not to apply to actions concerning real estate. *Bobb v. Woodward*, 50 Mo. 103; *Rogers v. Brown*, 61 Mo. 192; *Holladay v. Menefee*, 30 Mo. App. 215; *City v. Whipple*, 71 Mo. 519; *City v. Curry*, 77 Mo. 230; *Neenan v. Smith*, 50 Mo. 529; *Zoll v. Carnahan*, 83 Mo. 35. (2) The declaration of law given was also erroneous in respect to the time at which an action before a justice should be deemed to be commenced for the purpose of applying the statute of limitation. R. S. 1879, secs. 2849, 2851; *Gosline v. Thompson*, 61 Mo. 471.

*D. D. Burnes*, for respondent.

(1) Section 3230 of the revision of 1879, which is the same as section 6775 of the Revised Statutes of 1889, limits the right to institute suits on "a liability created by statute" to five years. If, then, the right to enforce the collection of a special tax against the property of a land-owner be "a liability created by statute," clearly section 6775 of the Revised Statutes must apply, and suits on special tax bills must be instituted within five years after a right of action thereon accrues. It would seem conclusive of this question, to suggest that, without some statutory enactment, no special tax bill could make any person or any property liable for anything, or have any force or effect of any kind, nature or description. But, if there could be any doubt on so

plain a proposition, it is definitely and positively settled and adjudicated in the case of the *City of St. Louis to use of v. Newman*, 45 Mo. 138; *Seibert v. Copp*, 62 Mo. 182–184; *City of Jefferson v. Whipple*, 71 Mo. 519–521. In answer to appellant's second assigned error, that suit is instituted in the court of a justice of the peace by filing a statement of his cause of action; see section 2849 of the Revised Statutes of 1879.

ELLISON, J.—This suit is based on a special tax bill. The question is, which limitation applies; the five or ten-year statute? If ten years, the action was not barred ; if five, it was.

An action on a special tax bill necessarily depends upon the provision of a statute for its support. The liability imposed by such bill is evidently "a liability created by statute," and as such falls within the letter of section 3230, Revised Statutes, 1879, now section 6775, Revised Statutes, 1889. And this was the opinion of the supreme court in *City of St. Louis v. Newman*, 45 Mo. 138. A case cited in that opinion has since been overruled, but the point here has not been questioned.

II. Plaintiff, however, contends that he commenced this action within five years. The facts are that he deposited the tax bill with the justice before the five years' limitation had run, but the process was not delivered to the constable until after it had expired. This point is likewise determined by the letter of the statute. Section 2849, Revised Statutes, 1879, section 6136, Revised Statutes, 1889, wherein it is enacted that if suit be instituted by process it should be deemed to have been commenced " upon delivery of the writ to the constable to be served, and he shall note thereon the time of receiving the same."

The argument and authorities in plaintiff's brief are not deemed applicable to the position taken by respondent and herein sustained. The judgment is affirmed. All concur.