THE CITY OF MOBERLY ex rel., etc., Respondent, v. GEORGE L. HASSETT et al., Appellants.

Kansas City Court of Appeals, December 2, 1907.

1. MUNICIPAL CORPORATIONS: Taxbills: Levy: Limitation. A contractor's right to a taxbill for a street improvement, which has been accepted, is a liability created by statute, and the five-year Statute of Limitation runs against it; and if in that time he does not require taxes to be levied and the bills issued, the right will be extinguished after five years.

2. ———: ———: ———: ———: **Property-Owner.** The right to plead the statute is generally a personal one, but where the party interposing the plea is the real party in interest, as in the case of abutting property-owner on a street improvement, he may interpose the plea when sued upon a taxbill issued after the right has ceased.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

REVERSED.

*Willard P. Cave* for appellant.

(1) Under section 1500 of the Revised Statutes of 1889, plaintiff's cause of action was barred after one year from the maturity of the last of the three taxbills. In this case the work was completed and accepted by the city on the 15th day of December, 1892, and the first suit was dismissed on September 24, 1897, and the present suit was not instituted until the 17th day of March, 1902. The tax reassessed is due as from the time when it should have been first assessed. 25 Am. and Eng. Ency. Law (1 Ed.), p. 448; Plumer v. Marathon County, 46 Wis. 163; Hubbard v. Garfield, 102 Mass. 72. Hence the lien of a tax reassessed on real estate relates back to the time the original assessment should have been made. Peters v. Meyers, 22 Wis. 602; Simmons v. Aldrich, 41 Wis. 241; 25 Am. and Eng. Ency. Law (1 Ed.), p. 448. (2) A special taxbill whether void, voidable or merely imperfect as issued may be amended within the time limited for its enforcement. Vieths v. Planet Co., 64 Mo. App. 207; West v. Porter, 89 Mo. App. 150; Weber v. Schergens, 28 Mo. App. 587; Hayward on Local Assessments, p. 43. (3) Section 1514, Revised Statutes 1889, requires the establishment of all street grades by ordinance; in this case the grade of Williams street was never established.

*Martin & Terrill* for respondent.

(1) It is well settled in this State that the statute does not begin to run until the cause of action accrues. Rabsuhl v. Lock, 35 Mo. 316; Missouri to use v. Peacock, 45 Mo. 264. (2) The city entered into a written contract with respondent to issue these taxbills in payment for said paving, which under the law was to be taken by it in payment for said paving. R. S. 1889, sec. 1500. And is a promise in writing by the city to pay in property for said paving and comes under the ten-year clause and not the five-year clause of limitation. Moorman v. Sharp, 35 Mo. 383; Keyburn v. Casey, 24 Mo. 129; Parsons v. Levy Co., 73 Mo. App. 458; R. S. 1889, sec. 6774. (3) And the city had the right to make the contract and could have been forced to issue the taxbills. (4) The first taxbills having been issued by the city engineer were void for the reason that there had been no assessment or levy of the tax by the mayor and council, and were no more than so many pieces of blank paper. The levy and assessment must be made by ordinance. R. S. 1889, sec. 1595; Bank v. Redy, 62 Mo. App. 328; Kansas City v. Railroad, 81 Mo. 285; Railroad v. Apperson, 97 Mo. 305; Nolt v. Morgan, 82 Mo. App. 119. Hence no right of action accrued to plaintiff until the levy was finally made and the taxbills here sued on were issued. (5) The act of the mayor and council in making the levy was not a second performance of an official duty but was a first performance, and was not an unreasonable delay under the circumstances in this case. Bank v. Ridge, 79 Mo. App. 34; R. S. 1889, sec. 1504; State v. Fullerton, 143 Mo. 682.

ELLISON, J.—This is an action on a special taxbill issued for paving Williams street in the city of Moberly with vitrified brick. The judgment in the trial court was for the plaintiff.

The principal point against the judgment is the Statute of Limitations. It appears that on the 16th of May, 1892, the city council of Moberly adopted a resolution declaring it to be the sense of the council that Williams street be paved. The resolution was duly published. Afterwards, on the 9th day of July, 1892, an ordinance was passed for the paving. The relator's bid was accepted and the city entered into a written contract with him to issue taxbills for the paving, and the paving was completed and accepted on the 15th day of December, 1892, when special taxbills were ordered to be issued according to law. In pursuance of said order the city engineer on the 15th day of December, 1892, issued and delivered to relator what purported to be special taxbills for doing said paving, purporting to be issued by virtue of an ordinance assessing and levying a special tax for said work when in truth and in fact no such ordinance had been passed. That when said taxbills on their face purported to fall due, viz: one-third after one year, one-third after two years and one-third in three years from date and when the last of said bills fell due the relator undertook by process of law to collect them, when it first developed that there had been no levy made to collect the tax, and on September 24, 1897, relator took a nonsuit, and afterwards on the 21st day of December, 1898, the city passed an ordinance assessing and levying said special assessment against the property for the payment of said pavement and issued the taxbills here sued on.

The statute (section 4273) reads that "all actions upon contracts, obligations or liabilities," and "an action upon a liability created by statute," shall be begun within five years after the cause of action shall have accrued.

The right of the relator that taxbills be issued to him was a "liability created by the statute," or was, at least, a contract or obligation against the city. It was

therefore subject to the five-year period of limitation. [Connoyer v. La Beaume, 45 Mo. 139; Turner v. Burns, 42 Mo. App. 94; Brady v. St. Joseph, 84 Mo. App. 399.] In the case of Bank v. Ridge, 79 Mo. App. 34, five years had not elapsed. His right to the taxbills accrued the 15th of December, 1892, and the bills upon which this action is brought were not issued to him until the 21st of December, 1898. This was more than five years from the time his right to them accrued and hence his right was barred. He might at any time have compelled the city to issue the tax bills or have taken measures to levy the tax against the property liable. [Brady v. St. Joseph, supra.]

It is no answer to say that relator could not sue for the reason that the city did not issue proper bills until December, 1898, and that he began this action within five years of that date. For he might at any time have taken measures to compel the city to issue proper bills. [Kirwin v. Nevin, 111 Ky. 682, 687; Innes v. Drexel, 78 Iowa 253; see also Bauserman v. Blunt, 147 U. S. 647, 658, 46 Kan. 480.]

It may be suggested that the obligation to issue the taxbills was the city's obligation and hence this defendant has no right to interpose the Statute of Limitations when sued on the bills. It is true that a plea of the statute is personal to the party owing the obligation and no other can plead it for such party. But where the party interposing the plea is the real party in interest he may do so. [U. S. v. Beebe, 127 U. S. 338; Moody v. Fleming, 4 Georgia 118.] In such case he should not be regarded as a third person to the controversy.

Considering the bills to be barred, it follows that we should reverse the judgment and it is so ordered. All concur.