## ESTELLA BUCHANAN v. COUNTY OF RALLS, Appellant.

### Division Two, June 4, 1920.

1. **COUNTY TREASURER: Office.** It is the duty of the county to furnish its treasurer with suitable office space, heat, light and janitor service.

2. ————: ————: **Jury Room.** The jury room in the courthouse, used by grand and petit juries when court is in session, even though offered by the county court to be fitted up for the county treasurer's use, is not a suitable office.

3. ————: ————: **Jointly With County Clerk.** The court cannot say as a matter of law that a room fourteen feet wide and eighteen feet long is not reasonably suitable for the joint use of the county able practicable depends on the number of records, a safe place in the nature of the duties of the two officers that imperatively demands privacy, and whether the joint use of the room is reasonably practicable depends on the number of records, a safe place in which to keep them, the number of clerks employed, the amount of furniture needed, and other conditions; and where none of these things is shown by the evidence, the court cannot give a peremptory instruction telling the jury that such room was not suitable for the joint use of both officers.

4. ————: ————: ————: **Suitability.** Opinion evidence that a certain room was suitable for the use of the county treasurer is not competent.

5. ————: ————: **Recovery for Rent.** The jury should be instructed that, if the county failed to provide for the use of the county treasurer a reasonably suitable office room in the courthouse or elsewhere in the county seat in which to transact her official business, she had a right to provide said office herself, and to provide heat, light and janitor service therefor, and that the county is bound to pay the reasonable cost of the same.

6. ———: ———: **Demand: Estoppel.** Where the county court and all parties concerned were familar with the situation and the expense incurred by the county treasurer in fitting up an office for herself outside the courthouse was small, estoppel is not a defense to her suit to recover the reasonable cost; nor was it necessary that she should have made demand upon the county that it supply her with a suitable office, before she was justified in renting one elsewhere.

Appeal from Ralls Circuit Court.—*Hon. W. T. Ragland, Judge.*

REVERSED AND REMANDED.

*Thos. E. Allison, Charles E. Rendlen* and *Harry Carstarphen* for appellant.

(1) The court erred in the exclusion of this evidence. (2) The court erred in giving plaintiff's peremptory instruction to find a verdict for plaintiff. Every other officer of the county occupied a room in the court house, sharing same with another officer, to the convenience of the public and without prejudice to the rights of the public and the due discharge of the duties of such officers. Plaintiff alone must get a separate room, though even a separate room was offered her if she wanted to be apart from the other officers, differing from her predecessors and the custom in the county, together with light, heat and janitor service, and this room so offered only to be shared at long intervals for a few days with juries. All this is disregarded and notwithstanding it all is true, the plaintiff must recover a verdict under the above instruction. Beauchamp v. Pike Co., 251 Mo. 529; Cleary v. Eddy Co., 51 N. W. 586. (3) The refusal of defendant's Instruction 2 was error. It tendered a correct proposition of law, and was pleaded as a defense in defendant's answer. Sec. 2778, R. S. 1909. Nor can defendant be held liable upon an implied contract where this statute, Sec. 2778, R. S. 1909, is not

complied with. Perkins v. School Dist., 99 Mo. App. 483; Inhabitants v. Rumsey Mfg. Co., 39 Mo. App. 264; Motley v. Pike Co., 233 Mo. 46.

*D. H. Eby* and *Ben E. Hulse* for respondent.

(1) There was no error committed in excluding testimony. The matters proffered and excluded were palpably opinions and conclusions, and not matters of fact. (2) Sec. 2778, R. S. 1909, relied upon by the appellant, has no application to the case at bar. The suit is not bottomed upon any contract falling within the purview of that section, but rests upon the following statutes and upon public policy: Secs. 3664, 3692, 3755, R. S. 1909; Laws 1917, p. 223; Ewing v. Vernon County, 216 Mo. 693. (3) Appellant unsoundly contends that, conceding the failure and refusal of the county court to peform its duty in the premises and the improbability of the willingness of that court to enter into any written contract with respondent touching the matters now sued for, the only remedy available to her was to demand such contract and, failing to obtain it, to adopt the extraordinary remedy of mandamus. Of whom could she have demanded such contract? "Her only sensible course was to do what she did, viz., avoid an unseemly wrangle, pay it out of her own pocket and trust to the courts and the law to reimburse her." Ewing v. Vernon County, 216 Mo. 691. (4) The grand jury room was inherently lacking in availability. Reasons of public policy dictate that the circuit court shall not lack for a jury room. The office rooms in the courthouse were described by the witnesses, and the several uses to which they were put were fully stated, and as so described they are the physical facts in the case about which there is no conflict. They point to but one conclusion, to-wit, that there was no suitable room in the courthouse for occupancy by respondent. (6) The county court may have seen no impropriety in compelling two or more officials to occupy jointly a single room. They may have thought it perfectly proper to crowd as many into

one room as possible. But neither their opinions nor the fact that some of the officials acquiesced in the disposition so made of them affect the question of public policy. It is the tendency of the act in question that is to be considered. Vital v. Girard, 2 How. (U. S.) 197; People v. Hawkins, 42 L. R. A. 490; Carroll v. Mo. Pac. Ry. Co., 88 Mo. 245. (7) There was no legal defence pleaded or proved. Carroll v. Mo. Pac. Ry. Co., 88 Mo. 244; Ragan v. Railroad, 144 Mo. 623; Duvant v. Cooperage Co., 188 Mo. App. 93.

WILLIAMSON, J.—This is a suit on the part of Estella Buchanan against Ralls County, for certain expenses paid by her while she was treasurer of the defendant county. Plaintiff had judgment below and the county duly appeals. Plaintiff alleged, in substance, that she was the duly elected, qualified and acting treasurer of Ralls County, from the first day of January, 1909, until the first day of January, 1917; that as such official she was by law required to keep an office at the county seat of said county and to attend the same during the usual business hours, there to receive and disburse the funds of the county, and that it was also her statutory duty to keep the books, records and papers pertaining to her office; that during that time it was defendant's duty to provide her with a suitable office-room properly equipped, lighted and maintained, but that it failed to do so; that as a result of such failure she was compelled to supply and did supply the office and defray the expenses of lights and janitor service therefor, and pay therefor out of her own funds; that she had expended the sum of $720 in so doing; that that sum was the reasonable value thereof, and that payment of said sum had been demanded and refused.

By its answer defendant admitted plaintiff's official position; followed this admission with a general denial, and then averred, in substance, that during the period aforesaid it maintained a county courthouse for the use of the county officials at the county seat; where-

in it supplied the things which plaintiff claimed to have supplied, but it appears from the answer that it was necessary, if plaintiff kept her office in the courthouse, that she should occupy one room jointly with the county clerk, unless she chose to occupy a room on the second floor, which, as the evidence showed, was used by the grand jury and petit jury when court was in session. Defendant further averred that plaintiff maintained a separate office elsewhere than in the courthouse for her own business convenience; that during her . term · of office she made periodical settlements with the County Court of Ralls County, and upon said settlements being made she was duly paid all that was due her, and all that she then demanded, and in consequence was estopped to claim more; that so much of her claim as accrued prior to five years next before the filing of her petition was barred by the Statute of Limitations, and that no contract in writing for said expenses was ever made by defendant. The reply was a general denial.

The evidence for plaintiff tended to show that she maintained a separate office in the central portion of New London, the county seat of Ralls County; that rent, lights and janitor service cost $7.50 per month, which was a reasonable charge; that the county clerk's office was too small for joint occupancy; that the only unoccupied room in the courthouse was the jury room; that a short time before her term expired she presented her demand to the county court and payment was refused. A demurrer to the evidence was overruled. Defendant's evidence tended to show that the county court offered to fit up the jury room for plaintiff's use when court was not in session; that some former treasurers had occupied the county clerk's office jointly with him, and that others, at their own request, had maintained offices elsewhere in New London by permission of the county court. Defendant also offered, but was not allowed, to prove that in the opinion of various witnesses plaintiff could have maintained her office in the county clerk's office in joint occupancy with him. No further evidence

of any importance was offered by either party. Defendant's request for a peremptory instruction was refused. The court instructed the jury that plaintiff was entitled to recover the reasonable expenses paid by her for rent, light and janitor service, at not exceeding the rates shown in the evidence, separately assessing the amount of each, for a period not longer than five years before the date of the filing of the petition. Defendant asked an instruction numbered two, to the effect that unless there was a written contract plaintiff could not recover; another, number three, to the effect that if "there was sufficient room, space and conveniences in the courthouse for the plaintiff to have, keep and maintain her office of county treasurer therein," including light, heat and janitor service, and if such room was subject to plaintiff's use, but that plaintiff for reasons of her own kept her office elsewhere, then she could not recover; another, number four, to the same effect; another number five, substantially to the effect that plaintiff could not recover without first showing a demand upon defendant to furnish appropriate accommodations; number six, on the burden of proof, and number seven, on the theory of estoppel, all of which were refused, and defendant excepted. A verdict was rendered in favor of plaintiff for $390. The usual steps followed, with the usual result, and defendant duly appealed.

It was the duty of the appellant to furnish respondent with suitable office space, heat, lights and janitor service. [Ewing v. Vernon County, 216 Mo. 681, l. c. 689, and cases there cited. Respondent claims that appellant neglected to discharge this duty and appellant asserts the contrary. The evidence shows, we think, that the jury-room, which, it is said, respondent might have occupied, was obviously unsuitable. Apparently the only practicable arrangement was for respondent and county clerk jointly to occupy the room in the courthouse designated as the county clerk's office, or to have a separate office elsewhere in the county capital. There is nothing inherent in the nature of the duties of these

two offices which so imperatively demands privacy as to enable the court to say as a matter of law that separate offices must be provided.. That being true, the question of whether or not the joint use of the county clerk's office by that official and respondent was or was not reasonably practicable, and whether or not such room was a reasonably suitable room for respondent's use, under the circumstances, becomes a question of fact, unless, in the light of the evidence, the impracticability or unsuitableness of such an. arrangement is so obvious that the minds of reasonable men could not honestly differ about it. The county clerk's office is shown by the evidence to be about fourteen feet wide by eighteen feet long. There is a vault in connection with it, the size of which is not shown. It appears that respondent, in her official capacity, had charge of about one dozen large record books. It may be assumed that she would need, and the evidence in fact discloses that she used, a desk, a typewriter, a table of moderate size, and a few chairs. It does not appear that there was not sufficient space in the vault for the records of both of these officials. Some of respondent's predecessors and her successor in office did, in fact, make use of these quarters in conjunction with the county clerk. Whether a room the size of this room was reasonably suitable for the use of both would obviously depend upon the volume of business usually done there, the number of persons usually employed in the two offices, and the number of persons who had occasion to be in that room on business connected with one or the other of the two offices, and, perhaps, upon other considerations. On these matters the record is silent.

It is, perhaps, possible for a room either to be so large or so small as to justify the court in declaring as a matter of law that such room was or was not reasonably suitable for the joint use of two or more county officials, provided the volume of business, the number of assistants, and the extent to which the public had occasion to resort to the offices in question, and other

relevant circumstances, were also shown. But we cannot take judicial notice of these things, nor could the trial court do so. As stated, practically nothing except the size of the room in question is shown in this record. Under these circumstances a practically peremptory instruction in favor of the respondent was not justified. The interests here involved are not large, and it is regrettable that we cannot make final disposition of this case here and now, but, considering the functions of this court, our duty seems plain. Our ruling on this instruction makes it necessary to send this case back for a new trial. For that reason we indicate our opinion on some questions raised by appellant.

Opinion evidence as to the suitability of a given room for respondent's use as an office is not competent. Section 2778, Revised Statutes 1909, is not applicable to the case at bar, and for that reason no error was committed in refusing appellant's instruction number two. [Ewing v. Vernon County, supra, l. c. 693; Gammon v. Lafayette County, 79 Mo. 223.]

If this case is again tried, we think the jury should be instructed that if the appellant failed to provide for the use of respondent reasonably suitable space in the courthouse or elsewhere in the county seat in which to maintain her office and transact her official business, then respondent had the right to provide such office, and to provide heat, light and janitor service therefor, and that the county is bound to pay the reasonable cost of the same.

The evidence as shown by the record before us does not, in our opinion, justify an instruction on the theory of estoppel, nor upon the necessity of a demand by respondent upon appellant that it should supply her with a suitable office, before she was justified in renting an office elsewhere. It seems that all parties were familiar with the situation. No one was misled. The expense actually incurred by respondent for rent, light and janitor service was only $7.50 per month. It could hardly have been less. The omission of a formal demand on

respondent's part has harmed no one. Courts—including county courts—should not be mere "snappers-up of unconsidered trifles." The maxim, *"De minimis lex non curat,"* is one graciously to be borne in mind at times—and this is one of those times.

For the reason stated, this cause is reversed and remanded for further proceedings consistent with this opinion. All concur.