CLAUDE HARDWICKE, Respondent, v. C. W. WYMORE, TRUSTEE of and for the KANSAS CITY LIBERTY BOULEVARD ROAD DISTRICT OF CLAY COUNTY, Appellant.

Kansas City Court of Appeals. December 5, 1921.

1. **LIMITATION OF ACTIONS:** In an Action Against a Road District by Attorney for Services Rendered the Right of Action did not Accrue Until Completion of Organization and Collection of Funds as Required by Statute. In an action by an attorney against a road district organized under section 10612, Revised Statutes 1909, for services rendered, the Statute of Limitations could not become operative until a right of action accrued, and plaintiff's right of action did not accrue until the completion of the organization and incorporation thereof under section 10617, Revised Statutes 1909, and the collection of funds under section 10624, Revised Statutes 1909.

Hardwicke v. Wymore.

2. **ROADS AND HIGHWAYS: Contracts: Legal Services Rendered Road District Being for Work done. Commissioners as an Expense Incurred in Transaction of the Business Thereof, Held, Recoverable Without Written Contract Therefor.** In an action by attorney to recover for services rendered road district in defense of suit to enjoin issuance of bonds and in a road crossing controversy, a written contract was unnecessary where the items in dispute occurred under the Law of 1913, the same being for work done for the road district Commissioners as an expense incurred by them in transacting the business of the district which under said law did not require expenses so incurred to be contracted in writing, and section 2778, Revised Statutes 1909, as to contracts in writing does not therefore apply.

3. **APPEAL AND ERROR: Judgments: Nunc Pro Tunc Entry: Trial Court Had Power after Appeal Taken to Correct its Original Decree by Nunc Pro Tunc Entry.** In action by attorney against trustee of a road district, which had been dissolved, for services rendered, where the original judgment was entered against the person named as trustee individually, the trial court had power after the appeal was taken to amend the decree first entered, by *nunc pro tunc* entry of judgment against such individual as trustee.

Appeal from the Circuit Court of Clay County.—*Hon. Frank P. Divelbiss,* Judge.

AFFIRMED.

*Ralph Hughes* for respondent.

*James S. Simrall* and *Theodore Emerson* for appellant.

ARNOLD, J.—This is a suit for attorney's fee. The county court of Clay county, Missouri, made an order of a preliminary character under section 10612 Revised Statutes 1909, for the organization and incorporation of the Kansas City-Liberty Boulevard Road District of Clay County, and appointed commissioners therefor under the provisions of section 10613. The district was duly organized and W. W. Cosby, A. W. Lightburne and T. J. Ward named as commissioners thereof. They qualified as such commissioners, organized and incorporated said district as provided by law and began the performance of their duties as imposed by section 10614, *et seq.*

Plaintiff was employed by said commissioners as counsel to take all legal steps necessary in the organization and incorporation proceedings of said district, and afterwards to defend an action brought by W. S. Embree and others against said district to enjoin it from selling $77,000 in bonds, the proceeds of which were to be used in paying the entire cost of the work necessary to the completion of the improvements made therein. The bonds were to be paid by a special benefit assessment on all of the lands comprising the district. Plaintiff was to perform some additional work, including the determination of the ownership of more than 4100 tracts of land in the proposed district and listing the same. Somewhat more than five years before the institution of this suit the commissioners agreed that plaintiff should be paid $750 for one item of this service and $50 for another item.

After an election was held, as required by section 10616, Revised Statutes 1909, at which election the vote was for improvements at an estimated cost of $70,000, payable by special assessment of land in the district as benefits, and before a sale of such bonds had been completed and before other funds had been set aside to the district, suit was instituted against commissioners Cosby, Lightburne and Ward and against the said district, by several landowners in the district. The purpose of said suit was to have declared unconstitutional the law by which the district was incorporated and to enjoin the issuance of bonds. Thereafter said commissioners employed plaintiff to represent them in said suit in the circuit court, and in the Supreme Court of Missouri if the case should go there, for which services they agreed to pay plaintiff a fee of $1100, but nothing in the event of final judgment against defendants in the suit.

In the spring of 1914 said suit was decided in the Supreme Court of Missouri in favor of defendants, but was taken to the Supreme Court of the United States where, in the spring of 1916, said court decided said cause in favor of defendants.

In June, 1917, plaintiff was employed under a written contract with the district to perform other services

for which he was to be paid $200, which is included as one item in this suit. To this last item defendants do not now object.

During the pendency of the suit to have the law declared unconstitutional no funds were set aside to the district as required by law, and the said commissioners did not institute proceedings while the suit was pending to recover said funds. And after the final determination of said suit the officers whose duty it was to set aside such funds for the use of the district refused to perform such duty, contending that the law, so far as it required the setting aside such funds, was unconstitutional. Suit was then instituted to recover the revenues required by section 10624, Revised Statutes 1909, and resulted in the recovery of only a small portion of the funds to which the district, up to that time, had become entitled.

By that time said Cosby, Lightburne and Ward had ceased to be commissioners of the district, others having been appointed in their stead. In the meantime Judge Williams, who had represented the district in the Supreme Court of the United States, had died and the executors of his estate insisted upon the payment of the fee still due for Judge Williams's services. The commissioners then acting paid Judge Williams's estate for his services out of the funds recovered to the district and the remaining funds so recovered were insufficient to pay plaintiff. The funds so remaining were used by the commissioners to repair the roads in the district and the commissioners represented they would pay plaintiff as soon as they could get more funds to which the district was entitled.

Thereafter another suit was instituted to secure the setting aside of additional, or other, funds to which the district was entitled and from which plaintiff might have been paid. Pending this last named action, and on November 17, 1917, the county court made an order dissolving said district and appointed C. D. Wymore as trustee therefor.

On March 11, 1918, plaintiff filed his amended petition in the circuit court of Clay county, wherein he sought to recover judgment for his said services against defendant for $2652.10. Elsie Harmon, a stenographer, had a claim for stenographic work done for the said district and she filed an intervening petition to compel said trustee to pay the same.

The cause was tried to the court and on March 27, 1918, a judgment was rendered in favor of plaintiff for $2150 and in favor of intervenor Harmon for $7.25. Motions for new trial and in arrest were duly filed and overruled, and the cause was appealed to the Kansas City Court of Appeals, and by that court was certified to the Supreme Court of Missouri, on the ground that a constitutional question was involved.

The Supreme Court, however, held that the constitutional question here raised had been so long and uniformly decided as to be a question no longer, but at rest under the doctrine of *stare decisis*, and returned the cause to this court. [See Hardwicke v. Wymore, 228 S. W. 757.]

Defendant urges that the court erred in allowing the items of $750 and $50, because incurred more than five years before the institution of the suit and same were barred by the Statute of Limitations (Sec. 1889, R. S. 1909), and because there was no written contract, as required by section 2778, Revised Statutes 1909.

In this connection it is well to direct special attention to the first sentence of the Supreme Court's opinion, supra, l. c. 758:

"As above stated the proceeds of the bonds when sold were to be used for the payment of all legal matters connected with the organization and incorporation and other matters after its incorporation and the payment of the improvements to be put upon said district. . . . "

It is obvious that until the district had been organized and incorporated there could be no binding legal written contract entered into between plaintiff and the commissioners. The items mentioned were not founded on contract with the district, because the district did not

exist until it became an entity by operation of law. It logically follows that plaintiff had no cause of action until the completion of the organization and incorporation and the collection of funds under operation of the law which, as shown by the record, was not until about a year prior to the filing of this suit. The Statute of Limitations could not become operative until a right of action accrued, and no right of action accrued in the case at bar until the matters and things required by the law had been completed.

Section 10617, Revised Statutes 1909, provided that in case the vote should be for the road improvement a report thereof should be filed, and that the incorporation of the district should thereupon become complete; and that thereafter road taxes collected on property in the district should be placed to the credit of the district, and for the payment therefrom by the commissioners of the engineer for his estimates and specifications, except when made by the highway commissioner and his assistants, and the statute further provides for the payment from said funds ''any other expenses for which provision is not otherwise made.'' [sec. 10624.]

No other means were provided by the statute whereby such expenses as these involved in this suit could be paid, and until such funds were placed to the credit of the district, as required by law, the commissioners could not pay expenses therefrom, and plaintiff had no cause of action against the district, and the statute of limitations does not run in favor of the district.

Until then plaintiff's only cause of action was against the commissioners personally; but when the district received funds from which plaintiff should have been paid, which was in the latter part of 1916, a right of action arose against the district and not until then (73 Ia. 88, 34 N. W. 751; Gasquet v. Board of Directors, 45 La. Ann. 342, 12 So. 505); and such indebtedness was not by virtue of any contract by the district, but by reason of the fact that it then came into possession of funds from which the law required payment by its commissioners of such expenses.

Turner v. Burns, 42 Mo. App. 94; City of St. Louis v. Newman, 45 Mo. 138 and City of Moberly ex rel. v. Hassett, 127 Mo. App. 11, cited by defendant, do not apply for the reason that in each of those cases the cause was bottomed upon laches of plaintiff respecting special tax bills issued by municipal corporations. In the case at bar (228 S. W. 757) the Supreme Court holds that the "district never became a political subdivision of the state."

In defendant's second assignment of error it is urged that the court erred in allowing the claim of $1100 for services in the case of Embree et al., and $50 for services in the road crossing, because there was no written contract.

The items so disputed occurred under the law of 1913, for work done for the commissioners as an expense incurred by them in transacting the business of the district; and which under said law should have been paid by the district. The said law does not provide nor contemplate, that expenses so incurred should, in order that they be paid as provided by said law, be contracted in writing by the commissioners. Section 2778, Revised Statutes 1909, does not therefore apply.

The third assignment of error is directed against the judgment entry *nunc pro tunc*, urging that the same should be held void "because the records, minutes and files and papers in the case do not warrant any such entry, and do not show that any such judgment was rendered and said minutes was not sufficient to indicate what judgment was rendered."

The record discloses that the trial court made certain findings of fact and entered of record the following judgment:

"March Term, March 27th, A. D. 1918, Record 50, Page 31.

"Claude Hardwicke, Plaintiff,

v.

"C. D. Wymore, Trustee of and for the Kansas City-Liberty Boulevard, Road District of Clay County, Defendant.

. . . . . . . .

"It is therefore ordered, adjudged and decreed that plaintiff, Claude Hardwicke, have judgment against C. D. Wymore for the sum of two thousand one hundred and fifty dollars and that he have execution against C. D. Wymore for that sum; and that said Elsie Harmon have judgment against said C. D. Wymore for the sum of seven dollars and twenty-five cents and that she have execution against C. D. Wymore for said sum; and it is further ordered that said C. D. Wymore pay the costs herein and that execution issue therefor."

On July 1, 1918, in vacation and on motion of defendant Wymore, the court ordered a stay of execution until August 31, 1918. Defendant then filed a motion to set aside the judgment "because it appears from the records of the pleadings that this defendant is not named in the pleadings and that no judgment is asked for in the pleadings, against this defendant and therefore said judgment is void."

This motion was sustained by the court and judgment was entered as of March 27, 1918, against C. D. Wymore, trustee.

The question involved is whether the trial court had power after the appeal was taken to amend the decree first entered. This question was before the court in Jones v. Ins. Co., 55 Mo. l. c. 344, where it is said:

"Since this case came here by appeal, an amendment *nunc pro tunc* of the judgment originally entered was made in the circuit court, correcting errors in the original entry made by the clerk. This was done on motion after due notice to the opposite party; and the correction having been ordered and made, we will presume that the court had sufficient evidence in its records to authorize the change in the entry; and the objection now taken, that the court had no power, after the case was brought here by appeal or writ of error to make an entry *nunc pro tunc*, has been heretofore considered and determined otherwise by this court, on the authorities cited. [DeKalb Co. v. Nixon, 44 Mo. 342.]"

We think there can be no question but that the trial court in this case had the right to correct the judgment entry, and we hold that the *nunc pro tunc* entry of judgment was not error. We fail to find any reversible error in the case. The judgment is for the right party and is affirmed.

All concur.