N. A. BIXLER, RESPONDENT, v. SPECIAL ROAD DISTRICT No. 1, NEWTON COUNTY, MISSOURI, A CORPORATION, W. H. BIRKS, WILLIAM POORE AND ELMER EXELTON, APPELLANTS.—156 S. W. (2d) 950.

Springfield Court of Appeals. November 19, 1941. Rehearing

Denied December 17, 1941.

*Gardner & Gardner* for appellants.

338

*L. D. Rice* and *James E. Sater* for respondent.

FULBRIGHT, J.—For convenience respondent will be referred to as plaintiff and appellants as defendants.

This is an action in two counts instituted in the Newton County Circuit Court, wherein plaintiff seeks to recover of defendants the sum of $705.10, for labor performed in repairing the roads within the jurisdiction of the defendant special road district No. One. Upon application of plaintiff the venue was changed from Newton County to the Circuit Court of Lawrence County. The cause was tried at the September Term, 1940, thereof, before the court, a jury being waived, and resulted in a finding of the issues for defendants on the first count and for the plaintiff, in the sum of $705.10 on the second count and judgment rendered accordingly. From the judgment on the second count defendants have duly appealed to this court.

Since judgment was for defendants on the first count and there is no appeal therefrom, it requires no consideration here.

The second count of the petition, among other things, alleged in substance that plaintiff was hired by defendant road district, a corporation (the individual defendants being its present commissioners), at 30c per hour for himself and $1.00 per hour for his truck, and that at such wage the total amount of work done amounted to $2,141.23; that plaintiff had been paid $1,436.07 leaving a balance due of $705.10, for which he prayed judgment.

Defendants' answer denied under oath that they were indebted to the plaintiff in any sum whatsoever.

The evidence on the part of the plaintiff tended to show that defendant special road district No. 1 was duly organized in Newton County under what is now Section 8673, R. S. Mo. 1939, and that in the performance of the mandatory duty of the board, as provided under Section 8682, R. S. Mo., 1939, it employed the plaintiff to perform certain labor in carrying out its duty to keep the roads, within its jurisdiction, in repair; that pursuant to a purported resolution previously adopted by the board, plaintiff was hired, his compensation fixed and thereafter he performed the labor for which he now seeks compensation.

There seems to be no contention on the part of the defendants that plaintiff did not perform the services testified to; that the charges made therefor are not reasonable; that his services were not satisfactory, or that he had been paid therefor. But they contend that under the provisions of Section 3349, R. S. Mo. 1939 (Mo. Stat. Ann., Sec. 2962, p. 1827), all contracts of every kind and character, entered into with such special road district, in order to be enforceable, must be in writing; that, therefore, since there was no written contract between plaintiff and defendants, plaintiff cannot recover.

At the threshold we are confronted with plaintiff's motion to dismiss the appeal "for the reason that appellant's abstract is in violation of rule 15 of this court" in that the evidence of the witnesses is not stated in narrative form. We have examined the record before

us with care and while there may be some ground for complaint we do not feel that there is such a violation of rule 15 as to authorize a summary disposal of the case. The motion to dismiss is accordingly overruled.

Defendants' Assignment of Errors is as follows:

"1. The court erred in overruling defendants' demurrer offered at the close of plaintiff's case.

"2. The court erred in overruling defendants' demurrer offered at the close of all the evidence.

"3. The court erred in admitting parole evidence as to the contract and agreement between plaintiff and the district, and erred in admitting Exhibit 2 and in permitting witness Mustain to testify as to what said exhibit showed.

"4. The court erred in admitting in evidence Exhibits 1, 2, 3 and 4.

"5. The court erred in giving declarations of law numbered 1, 2, 3 and 4 on behalf of plaintiff and erred in refusing declaration of law lettered A offered by defendants.

"6. The court erred in holding that the provisions of Section 3349, Revised Statutes, 1939, had no application to plaintiff's contract with the district and to the facts of this case, and in holding that it was not necessary to plaintiff's recovery for him to have had a contract with the district as required by said section.

"7. The court erred in holding under the evidence that an account stated was had by plaintiff and defendants.

In offering their demurrer the rule is so well settled as to require no citations that defendants admit the truthfulness of all evidence favorable to plaintiff and all reasonable favorable inferences that may be drawn therefrom and that the court, in passing upon the demurrer, shall accept as true such favorable evidence and inferences and disregard all evidence and inferences to the contrary. We have carefully examined the evidence as disclosed by the abstract and in passing upon the correctness of the trial court's ruling on the demurrer we are required to determine whether or not the contract upon which plaintiff relies falls within the provisions of Section 3349, *supra*. If within this statute, obviously plaintiff failed to make his case and cannot recover since the contract was not in writing.

Section 3349 applies to municipalities generally and its application in the instant case should be determined in the light of the pertinent provisions of Article 10, p. 2280, Vol. 2, R. S. Mo., 1939, under which the special road district in the instant case was organized.

Section 8682, *supra,* defines the powers and duties of the board of such special road districts in the following language:

"Said board shall have sole, exclusive and entire control and jurisdiction over all public highways within its district outside the corporate limits of any city or village therein, to construct, improve and

repair such highways, and shall remove all obstructions from such highways, and for the discharge of these duties shall have all the power, rights and authority conferred by general statutes upon road overseers, and said board shall at all times keep the public roads under its charge in as good repair as the means at its command will permit, and for this purpose may employ hands at fixed compensations, rent, lease or buy teams, implements, tools and machinery, all kinds of motor power, and all things needful to carry on such road work: Provided, that the board may have such road work or any part of such work done by contract, under such regulations as the board may prescribe.''

''Section 8687 provides: 'Such board may buy all material which may be used, directly or indirectly, in constructing, improving or repairing any public highway or bridge in its district, and is authorized to do and perform all acts within its district for which any authority is given to road overseers under the general road law of this state.'

''The pertinent provisions of Section 8688 are as follows: '. . . Said board may, by *contract or otherwise,* under such regulations as the board shall prescribe, build, repair and maintain or cause to be built, repaired or maintained all bridges and culverts needed within said district . . .' (Italics ours.)

''Section 8639, R. S. 1939, in part provides: 'Said board shall meet once a month at such stated times as it may designate to hear complaints or reports of defects and broken bridges . . . and in case of emergency the president of the board may have such repairs made . . .' ''

It will be observed that Sections 8682 and 8687, *supra,* vest in the boards of such special road districts the ''sole, exclusive and entire control and jurisdiction over all public highways within its district outside the corporate limits of any city or village therein to construct, improve and repair such highways,'' and ''buy all materials which may be used directly or indirectly in constructing, improving or repairing any public highway or bridge in its district,'' and ''for this purpose may employ hands at fixed compensations,'' and for the purpose aforesaid shall have ''all the power, rights and authority conferred by general statutes upon road overseers.''

Section 8522, R. S. Mo., 1939, sets out in detail the duties of road overseers, in many respects similar to the duties of the board or commissioners of special road districts, and the Legislature wrote into this section the following provision: ''This section shall not apply to special road districts where it conflicts with the law governing special road districts,'' the clear inference being that in all other respects it does apply.

Section 8523, R. S. Mo., 1939, is the only statute that specifically requires a road overseer to enter into a contract in writing. Again

the inference is that in the discharge of his duties, not mentioned in the foregoing section, he is not required to make a contract in writing.

Under Section 8682, supra, it is provided that the ''Board shall at all times keep the public roads under its charge in as good repair as the means at its command will permit, *and for this purpose may employ hands at fixed compensations,* rent, lease or buy teams, implements, tools and machinery, all kinds of motor power and all things needful to carry on such road work,'' or, ''the board may have such road work or any part of such work done by contract under such regulations as the board may prescribe.'' (Italics ours.)

It appears from the evidence that the board in the instant case proceeded under the first method set forth: that is, for the purpose of maintaining and repairing the highways within their jurisdiction, they hired a hand (this plaintiff) at fixed compensation. In this situation it is our conclusion that the law as heretofore set forth, does not provide nor contemplate that expenses so incurred should, in order that they be paid, be contracted in writing by the board. In so acting the board was discharging its mandatory duty of maintaining and keeping the roads within its jurisdiction in repair. After diligent search we have found only one case which we think is in point: Hardwicke v. Wymore, 208 Mo. App. 420, 235 S. W. 171, l. c. 172, 173. This was an action to recover attorney fees for services rendered in organizing the Kansas City Liberty Boulevard Road District of Clay County, and also for services rendered the district after its organization. Two items, one for $750 and one for $50 were for services rendered before the organization was perfected. In this connection the court said:

''It is obvious that until the district had been organized and incorporated there could be no binding, legal, written contract entered into between plaintiff and the commissioners. The items mentioned were not founded on contract with the district because the district did not exist until it became an entity by operation of law. . . . Such indebtedness was not by virtue of any contract by the district but by reason of the fact that it then came into possession of funds from which the law required payment by its commissioners of such expense.''

It will be observed that the language of the court above quoted was directed to the items of expense incurred in the organization of the district and, we think, has no application to the issue before us. It is set out here only to distinguish between the court's remarks directed to the law relative to items of expense before incorporation and those directed to items of expense after incorporation.

Two other items were sued for, one for $1100 and one for $50, for services rendered after said road district had been organized and incorporated, and in defendant's second assignment of error it is urged

that the court erred in allowing these items because there was no written contract. In this connection the court said:

"The items so disputed occurred under the law of 1913, for work done for the commissioners as an expense incurred by them in transacting the business of the district and which, under said law, should have been paid by the district. The said law does not provide nor contemplate that expenses so incurred should, in order that they be paid as provided by said law, be contracted in writing by the commissioners. Section 2778, R. S. 1909 (Now Section 3349), does not apply."

Section 10624, R. S. 1909, which was under consideration by the court in the Hardwicke case, provides in part: "Whenever any road district shall be organized under the provisions of this article the county clerk shall set aside to the credit of said road district the portion of the revenue for working the public roads that may be raised by direct taxation against property lying therein, according to any existing law or subsequent enactment, and said revenue shall be spent by said board of commissioners for keeping any road within said district in repair or for paying for any other needed work. . . . Said Commissioners shall have power to contract for the working or improving of "said road in any manner that to them may seem best and to pay for the same out of such revenue. . . . Said commission may out of such revenues pay the engineer for his estimates and specifications, except when made by the state highway commissioner or his assistants, and any other expenses for which provision is not by this article otherwise made."

The ruling of the court was based upon the foregoing section which has since been repealed, but we think the holding relative to items of expense incurred after the district was organized is equally applicable to Section 8682, *supra,* which provides that the "board shall at all times keep the public roads under its charge in as good repair as the means at its command will permit and for this purpose may employ hands at fixed compensations." Certainly such services should be paid for out of funds of the road district available for that purpose.

Plaintiff also cites the cases of Buchanan v. Ralls County, 222 S. W. 1002, 283 Mo. 10; Harkreader v. Vernon County, 216 Mo. 696, and other cases of similar import in support of his contention that transactions such as in the instant case need not be in writing. While these cases may be persuasive we do not consider them directly in point.

In support of their contention that the contract falls within the provisions of Section 3349 and should have been in writing, defendants rely on the cases of Hawkins et al. v. Cox et al., 334 Mo. 640, 66 S. W. (2d) 539; Metz v. Warrick et al., 217 Mo. App. 504, 269 S. W. 626; Layne-Western Co. v. Buchanan County, Missouri, 85 Fed. (2d) 343, and other similar cases. We are heartily in accord with the

holdings in the aforementioned decisions. It is unnecessary to attempt to distinguish each of them from the case at bar, suffice to say they are not analogous to the situation that confronts us and do not apply.

Since we hold that Section 3349 does not apply and that the contract or agreement entered into between plaintiff and defendants herein need not be in writing, defendants' demurrer to the evidence is overruled.

The evidence shows that the minutes of a meeting of the board, held March 4, 1935, contains the following entry: "N. A. Bixler hired to run maintainer at 30/100 dollars per hour; also to operate truck for district at One Dollar per hour." That afternoon or the following morning Bixle was notified of this action of the board and orally accepted employment and went to work. He worked from time to time as the occasion required, sometimes using his truck and at other times running the maintainer; kept the hours that he worked with his truck and also the hours that he worked running the maintainer and was paid from time to time for the number of hours worked or a part thereof; that when he quit work there was a balance due him of $705.10. These facts were also testified to by Dr. Mustain, who was a member of the board and who, a portion of the time, was secretary thereof. There is no substantial evidence that plaintiff did not work the number of hours claimed, at the rates claimed, or that, if entitled to pay for such services, the balance due him did not amount to $705.10. But defendants contend that the court erred in admitting in evidence plaintiff's Exhibits one, two, three and four. Assuming for the purpose of disposing of this assignment, that each of the exhibits were improperly received in evidence, the errors were clearly harmless since we hold that Section 3349 does not apply and there is ample substantial parole evidence, undisputed, to establish every fact essential to recovery.

It is further contended by defendants that the court erred in giving declarations of law numbered one, two, three and four on behalf of plaintiff and in refusing the declaration of law lettered A offered by defendants. The declarations of law given on behalf of plaintiff are based upon the theory that the contract upon which plaintiff seeks to recover need not be in writing. The declaration offered on behalf of defendants and refused by the court, is based upon the theory that the contract, in order to be valid must be in writing, dated when made and subscribed by the parties thereto or their agents authorized by law and duly appointed and authorized in writing. Since we hold that Section 3349 does not apply the court did not err in giving the declarations of law asked for by plaintiff, nor did it err in refusing the declaration of law asked by defendants.

From the foregoing observations it follows that the judgment of the trial court should be and is affirmed. *Blair, P. J.,* and *Smith, J.,* concur.