GAMMON v. LAFAYETTE COUNTY, *Appellant.*

1. **Justice's Courts**: JURISDICTION : SUITS AGAINST COUNTIES. Before the Revision of 1879 every justice of the peace had jurisdiction of suits against his own county.

2. ———: COUNTY COURT: JURISDICTION: SUITS AGAINST COUNTIES. Statutory authority conferred on the county court to audit and settle all demands against the county, *Held* not to be repugnant to the jurisdiction of a justice of the peace over a suit against the county.

3. ———: JURISDICTION : SUITS AGAINST COUNTIES. The statutory requirement that suits before a justice of the peace shall be brought in a township in which the defendant resides, or in adjoining township, *Held,* not to be repugnant to the jurisdiction of a justice of the peace over a suit against the county.

4. ——— : ——— : ———. The statute, (R. S. 1879, § 1184,) providing that necessary expense incurred by the probate court for furniture, etc., shall be paid by the county, *Held*, to authorize its procurement by the probate judge without first getting an order from the county court; and upon the refusal of the county court to pay for it, to warrant the probate judge in doing so, and entitle him to recover from the county the price thereof, if it be reasonable and if the furniture was necessary.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Hall & Young* for appellant.

*Alex. Graves* for respondent.

HENRY, J.—This suit originated in a justice's court in Lafayette county, and was an account for a book-case furnished the office of the probate judge of said county, in-

dorsed to be correct by Jno. S. Blackwell, prosecuting attorney. The book-case was purchased by the plaintiff, then probate judge of the county, of Winkler & Winkler, who presented their account to the county court for payment, which was refused, whereupon plaintiff paid it, and sues the county for the amount. Evidence was introduced tending to prove that the book-case was necessary furniture for the office, and also to the contrary. Plaintiff had judgment, from which the county has appealed.

It is contended that the justice of the peace had no jurisdiction of suits against the county; and for this position appellant relies upon sections 1199 and 1216, Revised Statutes, and section 4, page 225, General Statutes. Section 1199 provides that the county court "shall have power and authority to audit and settle all demands against the county," and section 1216 gives an appeal to the circuit court in such matters, and section 4 provides that " all actions, local or transitory, against any county, may be commenced    *    *    in the circuit court of the county against which the suit is brought." The law in force when this suit was commenced, required a suit before a justice of the peace to be brought before a justice of the township either where defendant resides, or in an adjoining township. Section 2835, defining the jurisdiction of justices of the peace, and section 2838 which declares " that every justice shall have jurisdiction co-extensive with the county," are broad enough in their terms to embrace suits against a county, in cases where the amount of the demand is not in excess of a justice's jurisdiction, and the question is, do the sections above referred to restrict so as to exclude suits against a county from that jurisdiction?

It is urged that because the county court has power expressly given to audit and settle all demands against the county, the justice has no jurisdiction of suits against the county. If that power conferred upon the county court is repug-

1. JUSTICE'S COURTS : jurisdiction : suits against counties.

2. ———— : county court : jurisdiction : suit against counties.

Gammon v. Lafayette County.

nant to the jurisdiction of a justice of the peace, it is equally repugnant to that conferring jurisdiction of suits against the county, upon the circuit court. That section does not contemplate a suit against the county in its technical sense. It constitutes the county court the agent of the county to audit and settle demands against the county, and although an appeal is allowed to the circuit court from the rejection by the county court of a demand against the county, yet in the first instance it is not strictly speaking, a suit in the county court. No petition is filed, no parties are summoned to answer the demand, and no issues are triable by jury, except in the court's discretion.

It is also contended that the requirement, that suits before a justice of the peace shall be brought in a town-ship in which defendant resides, or in an adjoining township, precludes the idea of the justice's jurisdiction of suits against a county. Suits in the circuit court must be brought either in the county in which defendant resides, or in which plaintiff resides and defendant is found, and if the jurisdiction of the circuit court in suits against the county were not expressly given, but only in such general terms as are employed to define the justice's jurisdiction, the argument now made on that provision of the statute would be equally forcible against the jurisdiction of the circuit court. The county of Lafayette can, with no more propriety, be said to reside in Lafayette county than it resides in a township of the county.

*3.——: jurisdiction: suits against counties.*

Counsel for respondent attach but little or no importance to the amendments of section 4, *supra*, by the revision of 1879, section 5359, in omitting the word "may," and substituting the word "shall" in its place, and incorporating the word "whatever" after the words "all actions." If respondent's view is correct, these apparently important changes have accomplished nothing. We think, however, that they were intended to restrict the jurisdiction to suits against a county to the circuit court, which

*4.——: ——: ——.*

had been hitherto confided to other judicial tribunals as well.

With respect to the other and only remaining question, section 1184 provides (and the law was the same when the furniture was purchased) that "every probate court shall have a seal,    *    *    the expense of which and the necessary expenses incurred by said court for books, stationery, furniture, etc., shall be paid by the county." These necessary articles are to be procured by the probate judge, and he is not required first to get an order of the county court for their purchase. Whether the furniture in question was necessary for the office, was properly submitted to the jury, who found that it was. The county court refused to allow the account to the furniture dealers, and plaintiff paid it; and while it may be conceded that the Winklers could not have maintained a suit against plaintiff for the price of the furniture furnished for the county, yet the statute requires the county to pay for it, and it can make no difference that in the first instance it is paid for by the probate judge. If, for instance, he should need for his office, in vacation of court, a load of fuel and could not procure it, but by payment for it on delivery, must he freeze in the office or close its doors, or furnish the fuel at his own expense? We are not inclined to give the statute so narrow a construction.

The case was fairly tried, and no error was committed which would warrant a reversal of the judgment, and it is affirmed. All concur.