## GIVENS v. DAVIESS COUNTY, *Appellant.*

### DIVISION TWO.

1. **County Treasurer's Salary : JURISDICTION.** It is not necessary to the circuit court's jurisdiction of a suit against a county by its treasurer for his salary, that it be first presented to the county court for allowance under Revised Statutes, 1879, section 5388.

2. **Public Officer: COMPENSATION OF.** A public officer is not entitled to compensation by virtue of a contract express or implied ; the right of compensation can only exist, if at all, as a creation of law and as an incident to the office.

3. ――――: CHANGE OF SALARY. The compensation or salary of a public officer in the absence of constitutional restrictions may be increased or diminished during his term of office, the manner of payment may be changed, or the duties enlarged, without the impairment of any vested right.

4. **County Treasurer:** SALARY : STATUTE. Under Revised Statutes, 1879, section 5405, providing that the county court, unless otherwise provided by law, "shall allow the treasurer for his services under this article such compensation as may be just and reasonable, and cause the warrants to be drawn therefor," the court may fix the salary by merely paying a stated sum to former incumbents, or may do so by its general order.

5. ————: ————. The salary so fixed cannot however be reduced without notice to the officer.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge

AFFIRMED.

*G. A. Chapman* for appellant.

· (1) The circuit court was without jurisdiction because the account was not presented to the county. R. S. 1879, secs. 1210-1216-8. (2) The court committed error in the admission of evidence. (3) The court erred in refusing to give defendant's instructions, numbered 1, 2, 3, 4, 5 and 6. They embody the law, and there was sufficient testimony to fully warrant the giving of each of said instructions. (4) Court erred in giving the instructions asked by plaintiff, numbered 1, 2, 3 and 4. The first instruction assumes that the salary received by plaintiff his first term was just and reasonable pay for his second term ; that his expectations were to be considered; that the county court must fix his compensation within the first year of second term or they would be powerless to fix it thereafter ; and this instruction is not warranted by the pleadings as it assumes that plaintiff is entitled to a verdict for services for entire term with a deduction of $3,000, when the petition only asked judgment for a just and reasonable compensation for the last two months and six days of the last term, and the instruction is a comment on the evidence. The second instruction is open to the same objections as the first. These two

instructions take from the circuit court power to fix the compensation of plaintiff as treasurer and assumes the position that when one county court fixes the compensation of a treasurer the next court have no right to change it. The third and fourth instructions are a bare-faced comment on the testimony and nothing else. These two are not warranted by the evidence in the case. There are many other objectionable features embodied in the instructions given on behalf of plaintiff.

*Hicklin & Yates* for respondent.

( 1 ) The circuit court had jurisdiction. R. S. 1879, sec. 5359 ; *Lincoln Co. v. Magruder,* 3 Mo. App. 314. ( 2 ) The respondent was serving under an implied contract whereby the county was bound to pay him for his services at the rate of $1,500 per year. *Copp v. St. Louis,* 34 Mo. 388. The record of the county court is the only evidence of its action. *Maupin v. Franklin Co.,* 67 Mo. 327 ; *Johnson Co. v. Wood,* 84 Mo. 489.

MACFARLANE, J.—This is a suit by plaintiff to recover of Daviess county $275 claimed to be due him as balance of his salary as treasurer of said county for a term commencing January 24, 1885, and ending April 1, 1887, at the rate of $1,500 per year. The controversy grows out of differences between the parties as to what the compensation should have been, the county claiming that $3,000 was paid plaintiff as compensation for the full term, while plaintiff insists that $3,000 was accepted as compensation for two years only.

The evidence shows that plaintiff had served as treasurer, for two years prior to January 24, 1885, when his second term commenced, and for those two years he had been paid $3,000. No order of the county court fixing the salary of treasurer was shown, either for the first or second term. Plaintiff was elected for a term of two years, but before the end of the term the law was

amended by which the term was extended from January 24, to the first of April. The amount of the additional compensation was not fixed by the county court.

The contention of defendant is that under section 5405, Revised Statutes of Missouri of 1879, the county court of the county was invested with full power and authority to fix and allow plaintiff as salary for his services as treasurer such compensation as it should deem reasonable and just, and that exercising that authority they had allowed him $3,000, for the full term ending April 1, 1887.

The evidence showed that in April, 1886, the county court issued a warrant, payable to plaintiff, for $1,200, "yearly salary." This warrant plaintiff declined to accept. On the seventh day of December, 1886, an order was made by the county court as follows: "Ordered that warrant number 636 for $3,000 issue on county revenue fund in favor of Wm. M. Givens, treasurer of Daviess county, in full of all demands as such treasurer, and further the clerk of this court is directed to cancel a certain warrant heretofore issued, for the sum of $1,200, to said Wm. M. Givens, as treasurer, and *ex-officio* collector and not accepted by him." Under this order a warrant was issued to, and accepted by, plaintiff, though he was not present when the order was made and was not informed of its terms.

At the request of plaintiff the court instructed the jury in substance, that if he was allowed by the county court, for his first term of office, the sum of $1,500 per year, and that his compensation for the second term was, at no time, fixed by the court, then he was entitled to receive, for his services, compensation at the rate of $1,500 per annum.

The court refused to instruct, at request of defendant, that the court had the right to determine and fix the salary and compensation of plaintiff at any time during his term, and if the allowance of December,

1886, was intended by the court to be in full satisfaction for all services to April 1, 1887, then the acceptance of the warrant, for the amount allowed, was conclusive on him.

A number of exceptions were taken to the ruling of the court on the trial, in admitting and rejecting testimony, but the theory of the court sufficiently appears from the giving, and refusal of these instructions, and presents all substantial questions raised upon the trial. The verdict and judgment thereon were for plaintiff and defendant appealed.

I.   The first error assigned by defendant, and insisted upon here, is, that under section 5388, of the statutes of 1879, the county court had exclusive original jurisdiction to pass upon the claim of plaintiff in the first instance, before the jurisdiction of the circuit court attached to the subject-matter; that, if the claim had been rejected by the county court, an appeal could have been taken to the circuit court under the provisions of section 1216, or an original suit could have been commenced as provided by section 5359, but until the county court had passed upon the claim the circuit court had no jurisdiction.

The first of these sections gives to county courts the power to "audit, adjust and settle all accounts to which the county shall be a party, to order the payment out of the county treasury of any sum of money found due by the county;" the second of said sections gives to a party presenting an account against the county an appeal to the circuit court, in case the same, or any part thereof, be rejected; and the third provides that "all actions whatsoever against any county shall be commenced in the circuit court of such county." It must be confessed that there seems, upon first view, to be some conflict in these sections, but we think all conflict disappears when we remember that the county court when engaged in auditing, adjusting and settling accounts is not acting in a strictly judicial capacity,

but rather as the financial, or administrative, agent of the county, and the right of appeal from its order rejecting a claim is merely a summary and inexpensive method of commencing the suit in the circuit court. *Sears v. Stone Co.*, 105 Mo. 236, and authorities cited. Under this construction of these sections we think the presentation of an account to the county court for settlement would have no more effect than a demand for settlement and payment, by a creditor, to any other debtor. The failure to make such presentation would not be available as a defense unless a tender is made of the amount due as provided by section 1018.

Section 5359 in unequivocal terms requires all actions against counties to be commenced in the circuit court of the county. This section was amended in the revision of 1879. Previous to the amendment section 4, page 225, General Laws, 1865, provided that "all claims, local and transitory, against any county, may be commenced" in the circuit court of the county. Objection to the jurisdiction of a justice of the peace over a suit against a county was made in the case of *Gammon v. LaFayette Co.*, 79 Mo. 224, on the ground that the account should have been first presented to the county court. The objection was not sustained, the court holding that section 5388 did not contemplate a suit against the county in its technical sense, that it merely constituted the county court the agent of the county to settle demands against it. We think the circuit court had jurisdiction of the case.

II. To what compensation was plaintiff entitled for his services as treasurer from January 24, to April 1, 1887? The principal contention, and the chief difficulty, lie in the proper solution of this question. Some general principles which underlie the question are well settled and well understood.

A public officer is not entitled to compensation by virtue of a contract, express or implied. The right to compensation exists, when it exists at all, as a creation

of law, and as an incident to the office. *Gammon v. LaFayette Co.*, 76 Mo. 675; *Koontz v. Franklin Co.*, 76 Pa. St. 154; *Fitzsimmons v. Brooklyn*, 102 N. Y. 536; *Walker v. Cook*, 129 Mass. 579; *Knappen v. Supervisors*, 46 Mich. 22; *City Council v. Sweeney*, 44 Ga. 465. In the absence of constitutional restrictions the compensation or salary of a public officer may be increased or diminished during his term of office, the manner of his payment may be changed, or his duties enlarged without the impairment of any vested right. *State ex rel. v. Smith*, 87 Mo. 158; *City of Hoboken v. Gear*, 27 N. J. L. 278; *United States v. Fisher*, 109 U. S. 143.

Owing doubtless to great difference in the wealth and revenues of the various counties, the legislature has delegated to the county courts of their respective counties the duty of determining and fixing the compensation of county treasurers by section 5405, Revised Statutes, 1879, which is as follows: "Unless otherwise provided by law, the county court shall allow the treasurer, for his services under this article, such compensation as may be deemed just and reasonable, and cause warrants to be drawn therefor." Under this section, according to the principles above enunciated, the county court of defendant county had the undoubted right, at least within the limits of reasonableness and justice, to determine the compensation plaintiff should receive for his services as treasurer, and to diminish the same during the term, if in its judgment circumstances demanded a reduction. The action of the county court in previously fixing an annual salary of $1,500 to this office, whether by merely paying that amount to former incumbents, or by general order, had the effect of attaching to the office of treasurer of that county, and as an incident thereto, a salary of $1,500 per year. When plaintiff was elected to the office, for the second time, he took, as incident thereto, the right to receive this salary.

Vol. 107—39

He was entitled to receive the salary as previously fixed, from the time he entered upon the duties of his office, until the expiration of the term unless it was decreased by appropriate action of the county court and he was duly notified of the change.

As has been seen this right does not rest upon contract, but upon the law, the statute and the action of the county court. As is said in *Fitzsimmons v. Brooklyn*, *supra*, "the salary belongs to him as an incident to his office, and so long as he holds it ; and, when improperly withheld, he may sue for and recover it. When he does so he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office."

The salary to which plaintiff was entitled did not depend, in the least, upon the value of his services, but altogether upon what action the court took in the premises. Every day he held the office the law vested in him a right to a due proportion of the salary, as at that time fixed, and, consequently, an order changing the compensation could not have a retrospective operation and divest from him what was his already. Hence, when the order of December 6 was made, plaintiff had the undoubted right to demand and collect, as salary, at the rate of $1,500 per year from the commencement of his term, January 24, 1885, to that date.

We do not think the order had the effect of accomplishing a change in the salary for services subsequent to its date for the reason that the terms used, "in full of all demands as such treasurer," does not express such an intention. Those terms imply rather that this payment was in full of salary to that date, but as such a construction would increase the salary, which could not be done under the constitution, (art. 14, sec. 8,) we must infer that it was only intended to cover the salary for two years, leaving the additional period for future adjustment.

Again, we do not think the existing salary could have been detached from the office without notice to the officer.   While the court had the right to decrease the compensation plaintiff had the right, which appears to have been his only remedy, to resign the office if dissatisfied with the change.

It would have been the greatest injustice to have reduced the salary without notice, and held plaintiff to the reduction.   The salary was the most important incident attached to the office, and it should only have been changed by clear and definite action on the part of the county court, and not by implication merely. For these reasons we think the order of the county court insufficient to accomplish a change in the salary.

The case was tried on the correct theory and the court correctly declared the law.   Judgment affirmed. All concur.