## KANSAS CITY SANITARY COMPANY, Appellant, v. LACLEDE COUNTY.

### In Banc, February 17, 1925.

1. **JURISDICTION: Over Subject-Matter: Raised by Respondent in Appellate Court.** The question of jurisdiction of the trial court of the subject-matter is always an open one, and may be raised for the first time in the appellate court; it may be raised in the appellate court by a defendant, in whose favor a verdict was returned and judgment was rendered in the trial court, who has not appealed.

2. ————: ————: **Derivative: Appellate Practice: Affirmance: Dismissal.** Even if it were ruled that the circuit court had no original jurisdiction of a suit against the county for the value of goods sold and delivered, but only a derivative jurisdiction, the appellate court, upon an appeal by plaintiff from a judgment in favor of defendant, would not affirm the judgment against plaintiff, but would remand the cause to the circuit court with directions to dismiss it, in order that plaintiff might proceed, if he chose, to prosecute his demand in a court having original jurisdiction.

3. ————: **Suit Against County.** The circuit court, in view of the words of the statute (Sec. 9506, R. S. 1919) declaring that "all actions whatsoever against a county shall be commenced in the circuit court," has original jurisdiction of a suit against a county to recover the value of goods sold and delivered to it.

Sanitary Company v. Laclede County.

4. ———: ———: **Demand in Excess of Fifty Dollars.** Under the stat-
ute (Sec. 2436, R. S. 1919) providing that the circuit court shall
have concurrent jurisdiction with justices of the peace in all civil
actions for the recovery of money founded upon contract when the
sum demanded exceeds fifty dollars, etc., the circuit court has ex-
clusive jurisdiction of a suit demanding $182.76 for goods sold to a
county under contract with the sheriff, since Section 9506 took
away the jurisdiction of justices in suits against the county.

5. ———: ———: Claims Cognizable before County Court. The statute
(Sec. 2436, R. S. 1919) provides for exclusive jurisdiction in the
circuit court in all civil cases which shall not be cognizable before
county courts, probate courts and courts of justices of the peace
and not otherwise provided by law, and Section 2589 does not
otherwise provide in case of a demand against the county, since
it contains no language which can fairly be construed as constitut-
ing the rejection of a demand against a county by the county court
a final adjudication of demandant's right to recover against the
county. A claim against the county for goods sold and delivered is
not technically a suit, as the county court merely audits and settles
claims against the county; if rejected, the claimant may appeal to
the circuit court, but that procedure is not exclusive; he may file
his suit in the circuit court and proceed to judgment therein, re-
gardless of whether the county court has rejected the demand.

6. **GOODS FOR COUNTY: Authority of Sheriff to Buy.** The sheriff of a
county has no statutory authority to order goods for use in the
courthouse and at the poor farm; but he does have authority, with-
out the consent of the county court, to order soaps, insecticides and
other supplies necessary to keep the county jail in a sanitary or
in a good and sufficient condition, and the county must pay all
just accounts incurred by him for such purposes.

7. ———: ———: **Evidence: Excessive Amounts.** In a suit by a seller
against a county for the value of scrubbing soaps, insecticides and
disinfectants sold, upon the order of the sheriff, for use in the
county jail, evidence offered by the county tending to show large
purchases of such goods after the goods in question were ordered,
does not tend to show that the goods in question were not needed,
and should be excluded.

8. ———: ———: **Instruction: Part Payment.** In a suit against the
county for a balance of $182.76 for goods sold for use in the county
jail upon the order of the sheriff, an instruction telling the jury
to find for defendant if a payment of $61.40 was payment in full
of the account, and that the defendant rejected the remainder of
the account and that such remainder was not necessary or needed,
where such payment did not purport to be payment in full or recite

that the remainder of the account was rejected, is error. And such instruction is further erroneous in authorizing the jury or the county court to determine that the goods were not needed or necessary, since the statute (Secs. 12549, 12551, R. S. 1919) authorizes the sheriff to determine that question.

Citations to Headnotes: 1 and 2, Appeal and Error, 3 C. J. pars. 649, 123, 4 C. J. par. 3225; 3 to 8, Counties: 3 and 4, 15 C. J. par. 380; 5, 15 C. J. pars. 363, 365, 368, 370, 371; 6, 15 C. J. par. 237; 7, 15 C. J. par. 259; 8, 15 C. J. par. 260, and Trial, 38 Cyc. 1617.

Transferred from Springfield Court of Appeals.

REVERSED AND REMANDED.

*Phil M. Donnelly* for appellant.

(1) Instruction one on the part of the defendant, should not have been given, as there was no evidence that the payment of $61.40 paid the account in full; there was no evidence that the defendant rejected the remainder of said account; and the question of whether the remainder of said account was necessary or needed by the defendant, was not an issue in the case, and there was no evidence to support it. (2) Instruction two on the part of the defendant, should not have been given, for it is inconsistent with and in conflict with Instructions 1 and 3 of the plaintiff; and plaintiff's instructions correctly declared the law in this case. R. S. 1919, sec. 9507. (3) The sheriff, as a county officer, had authority to order such goods as were necessary in the conduct of his office, and the county is liable for the same. Secs. 9507, 12549, 12551, R. S. 1919; Harkreader v. Vernon County, 216 Mo. 696; Ewing v. Vernon County, 216 Mo. 681; Sayler v. Nodaway County, 159 Mo. 520; Kansas City Disinfecting & Mfg. Co. v. Bates County, 273 Mo. 300; Bennett v. Clark County, 201 Ill. App. 222. (4) In the absence of any order of the court to the contrary (and in the present case there was no order of the county court,) it should be presumed that the sheriff is the proper agent to represent the county in the purchase of disinfectants necessary to keep the jail in a clean and healthy condition. Frederick Disinfectant Co. v. Coleman County, 188 S. W.

270; Bennett v. Clark County, 201 Ill. App. 222. (5) The county court ratified this particular order by making a payment on the same by a county warrant in the sum of $61.40, according to the terms of the order, and should not now be permitted to deny liability of the order. (6) The admission of evidence of the different purchases by the sheriff of other goods, including disinfectants, during the years 1918, 1919 and 1920, which were all subsequent to the date of the order in question, was clearly an error. It would not prove or disprove whether or not the order in question was necessary at the date of its purchase, and the admission of this evidence would only tend to prejudice the jury against this plaintiff's rights in the matter.

*J. H. Bowron* for respondent.

Respondent's motion to dismiss this case should have been sustained, because if any account shall be presented against a county, and the same or any part thereof shall be rejected by the county court, the party aggrieved thereby may prosecute an appeal to the circuit court. Sec. 2589, R. S. 1919. Such appeal shall be taken within ten days after rejection of claim. Sec. 2590, R. S. 1919.

DAVID E. BLAIR, J.—Action on account for goods sold and delivered. Judgment was for defendant in the Circuit Court of Laclede County and, upon plaintiff's appeal, the case was sent to the Springfield Court of Appeals. That court properly transferred the case to this court, upon the ground that Laclede County is a party. The case fell to one of the divisions and came to Court in Banc after a divisional opinion had been prepared, but not adopted, and was argued and submitted at the present term and such divisional opinion was rejected. Thereafter, the case was assigned to the writer.

The petition alleges in substance that, at the special instance and request of the sheriff of the defendant county, plaintiff sold and delivered to defendant county cer-

tain goods, etc., of the value of $240.16, plus freight, and defendant paid $61.40 on account thereof, and that the balance of $182.76 remains due and unpaid; that the prices charged were reasonable and proper; that defendant accepted and used said goods, but failed and refused to pay therefor after demand. The itemized statement of account attached to the petition, dated September 12, 1917, shows that the goods sold to defendant were scrubbing soap, insecticide and pinoleum. The terms of payment were sixty dollars every ninety days.

Defendant filed and the trial court overruled its motion to dismiss the case because of alleged want of jurisdiction in the circuit court, on the ground that the account should have been presented to the county court and, if disallowed there, the case could only reach the circuit court upon appeal.

Defendant thereafter filed its demurrer to the petition upon the grounds that said petition did not state facts sufficient to constitute a cause of action, and because the circuit court had no jurisdiction of the person of defendant or the subject of the action, and that plaintiff had no legal capacity to sue. The demurrer was overruled.

Thereupon defendant filed its answer, which was a general denial, and a plea that the sheriff of defendant county had no authority to purchase the goods or to obligate defendant to pay therefor. The trial was before a jury. It found the issues for defendant and, after unsuccessfully moving for a new trial and in arrest of judgment, plaintiff has appealed.

The first point for consideration is the question of the jurisdiction of the circuit court over the subject-matter. Defendant challenged such jurisdiction by motion to dismiss and in its demurrer. Defendant's contention is that the jurisdiction of the circuit court in such cases is derivative and not original. Sections 2589 and 2590, Revised Statutes 1919, are cited. As defendant prevailed below and the case is here upon plaintiff's appeal, the point is not here for re-

Jurisdiction.

view upon defendant's exception. However, the question of the jurisdiction of the trial court over the subject-matter of a suit is always an open one and may be raised for the first time in the appellate court.

It is said in 3 Corpus Juris, page 366, section 123: "It is a general rule that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon the appellate court. . . . In some cases it is held that when the lower court had no jurisdiction, there is nothing to support appellate jurisdiction, and that an appeal or proceedings in error will therefore be dismissed. In most jurisdictions, however, the appellate court may in such cases entertain an appeal or writ of error for the purpose of reversing a judgment or order for want of jurisdiction and dismissing the case or directing its dismissal by the lower court."

Missouri is one of the states following the practice of entertaining the appeal in such cases for the purpose of directing the dismissal of the case for want of jurisdiction of the lower court. [St. Louis v. Glasgow, 254 Mo. 262, l. c. 285, 293; Sidwell v. Jett, 213 Mo. 601, l. c. 611; Williams v. Kirby, 169 Mo. 622, l. c. 630.]

Even if defendant is correct in its contention that the circuit court has no original jurisdiction over the subject-matter of the case, that is not a reason why the judgment against plaintiff should be affirmed. The only proper order we could make in that event would be to reverse the judgment and remand the cause to the circuit court with directions to dismiss the same. Merely because plaintiff misconceived the proper forum in which to commence its action, if it did, would constitute no reason why it should be foreclosed from proceeding in the proper forum.

But we are satisfied that the circuit court had original jurisdiction of the case. Section 9506, Revised Statutes 1919, provides that "all actions whatsoever against a county shall be commenced in the circuit court." This section clearly settles the jurisdiction of the circuit court,

even if we were not fully justified in reaching that con-
clusion from a consideration of other sections of the stat-
ute to which we will refer.  See Gammon v. Lafayette
County, 79 Mo. 223.  In that case the jurisdiction of a
justice of the peace was sustained in a suit against a
county.  Section 5359, Revised Statutes 1879, which was
an amendment of General Statutes of 1865, page 225,
section 4, took away the jurisdiction of justices of the
peace in actions against counties.  The Gammon case was
ruled upon in General Statutes of 1865, page 225, section
4, as it stood before said amendment and as carried into
volume 1 of Wagner's Statutes of 1872 as section 4, page
408.                                    ! : , ( : | |, |

Were it not for Section 9506, Revised Statutes 1919,
we are satisfied that the jurisdiction of the circuit court
is fully sustained under other applicable statutes. Sub-
division 3 of Section 2436, Revised Statutes 1919, pro-
vides that the circuit court shall have concurrent juris-
diction with justices of the peace in all civil actions for
the recovery of money founded upon contract when the
sum demanded exceeds fifty dollars, etc.  Since Section
9506 now excludes jurisdiction of justices of the peace in
suits against a county, jurisdiction in that sort of ac-
tions is in the circuit court.  Subdivision two of Section
2436 provides for exclusive original jurisdiction of the
circuit court in all civil cases which shall not be cognizable
before county courts, probate courts and justices of the
peace and not otherwise provided for by law.  Defend-
ant apparently contends that Section 2589 has made such
provision otherwise.  The function of the county court is
merely to audit and settle claims and demands against
the county.  [Section 2574].  A claim against a county
is not technically a suit at all.  [Gammon v. Lafayette
County, supra.]  If a claim is presented to the county
court and allowed, well and good.  If it is rejected, the
claimant may appeal to the circuit court.  There is no
language in Section 2589 which may fairly be construed
as constituting rejection of a demand against a county

by the county court a final adjudication of defendant's right to recover against the county.

It is true that one having a demand against a county may present his demand to the county court and if it is rejected, he may prosecute an appeal to the circuit court. But such procedure is not exclusive. He may file his suit in the circuit court, regardless of the amount of his demand (Section 9506) and proceed therein to trial and judgment, if he so elects, regardless of whether or not the county court has rejected such claim. Filing a claim against a county in the county court is not filing an action at all in the legal sense. If it were, then Section 9506 entirely deprives the county court of the right to pass upon such claim, which clearly was not intended.

The evidence offered by plaintiff tended to sustain its demand and need not be specially noticed. The defendant offered evidence tending to prove that the sheriff, upon whose order the goods were sold and delivered,

Authority of Sheriff.

had no authority to order the same and that they were not needed or necessary. This might be a good defense in so far as the goods sold and delivered for use at the court house and poor farm are concerned. Section 9507 requires that the agent purchasing supplies for the county be lawfully authorized, and this requirement is not done away with, even though the claim may not be defeated, because the prescribed legal steps have not been followed. No question of that sort can be successfully raised as to any part of the goods ordered for and used at the county jail. Under Section 12549 the jail is required to be kept in good and sufficient condition, and under Section 12551 the sheriff of the county has the custody, keeping and charge of the jail. He, therefore, has full authority to purchase all supplies necessary to keep such jail in good and sufficient condition, which includes sanitary condition, and needed no authorization by the county court to render the county liable for purchases for such jail for such purpose. [Harkreader v. Vernon County, 216 Mo. 696.] The sheriff testified that the goods were needed

307 Mo.—2.

and used at the court house, as well as at the jail. There was no testimony whatever tending to show that the goods ordered were not needed at the jail. Therefore, the circuit court should have directed a verdict for plaintiff, to the extent that such goods were used at the jail, and for that reason the judgment in defendant's favor cannot be sustained.

Over plaintiff's objection and exception evidence was admitted on behalf of the defendant tending to show large purchases of scrubbing soap, insecticide and disinfectants after the goods in question were ordered. Such **Evidence.** evidence had no tendency to show that the goods were not needed or necessary at the time they were sold and delivered and only tended to prejudice the jury, because such evidence tended to swell the aggregate amount of such goods contracted for during the period of years covered by the testimony and to make it appear that all purchases were recklessly made and in excess of actual requirements. Such evidence should have been excluded.

Certainly upon the question of whether the goods were needed at the time they were purchased for use at the court house and poor farm, only such goods as had been previously ordered and delivered and reasonably would have remained on hand at the time the goods in suit were ordered could have any legitimate tendency to prove that the goods in question were not needed when ordered.

Instruction one given at defendant's request told the jury that, if the payment of $61.40 authorized by the county court was payment in full of the account, and that defendant rejected the remainder of the account **Instruction.** and that such remainder was not necessary or needed by defendant, the jury should find for defendant. The giving of this instruction was error. The order of the county court authorizing issuance of warrant for $61.40 to plaintiff did not purport to be payment in full and did not recite that the remainder of the account was rejected. There was, therefore, no evidence upon which to base said instruction.

Defendant argues that rejection of the balance of the claim necessarily follows from the fact that part of the account was paid and plaintiff has sued for the remainder. Such inference by no means necessarily follows. It is just as reasonable, for example, to infer from said facts that a part payment was made because of a shortage of funds in the county treasury available for such purpose.

Instruction two given for defendant was erroneous, because all the evidence upon the point tended to show that the goods ordered and used at the jail were necessary, and for the further reason that no authorization of the sheriff to purchase such goods for use at the jail was necessary in order to fix the liability of the county to pay therefor.

For the reasons above stated, the judgment is reversed and the cause remanded for new trial. All concur, except *Woodson, J.,* who dissents, and *Walker, J.,* absent.