**Erna SCHAEFER, et al., Respondents,**

v.

**YELLOW FREIGHT SYSTEMS, INC., Appellant.**

**No. WD 41216.**

Missouri Court of Appeals, Western District.

April 24, 1990.

William H. Sanders, Sr., James H. McLarney, Kansas City, for appellant.

Lantz Welch, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

PER CURIAM:

This is a new opinion.

The defendant Yellow Freight Systems, Inc., appeals from a judgment upon a jury verdict for $6,000,000 for the wrongful death of Charles F. Schaefer, Jr. Mr. Schaefer's death resulted from a collision between a car driven by him and a Yellow Freight truck. The action was brought by decedent's wife, Erna Schaefer, and his two adult children, Charles F. Schaefer III, and Karen L. Green.

Respondents challenge the finality of the judgment because it did not apportion the damages among the respondents as mandated by section 537.095.3, RSMo 1986. The language of the applicable subsection is as follows:

> In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. *The court*

*shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.* (Emphasis added.)

We have no jurisdiction of the appeal if the judgment is not final. Section 512.020, RSMo 1986; *Gurwit v. Kannatzer,* 758 S.W.2d 486, 488 (Mo.App.1988); *State ex rel. Solid State Circuits, Inc. v. Springfield Mayor's Commission on Human Rights and Community Relations,* 752 S.W.2d 72, 74 (Mo.App.1988); *Harris v. Union Electric Co.,* 685 S.W.2d 607, 610 (Mo.App.1985). A final judgment is one which disposes of all parties and all issues in the case. *Maurer v. Clark,* 727 S.W.2d 210, 211 (Mo.App.1987); *Afshari Enterprises, Inc. v. Venz,* 689 S.W.2d 846, 847 (Mo.App.1985).

Our sister court of the Eastern District has held the judgment in a wrongful death case is not final till the damages are apportioned among multiple plaintiffs or beneficiaries. *Bragg v. Missouri Pacific Railroad,* 756 S.W.2d 666, 667 (Mo.App.1988). It would be advisable for the trial court also to include in the judgment the provisions of subsection 4 of the statute.

The appeal is therefore dismissed and the cause is remanded to the trial court for further proceedings.

Should the case be appealed to this court again, the parties may if they elect to do so refile the legal file, transcript and briefs now before us, supplemented as required by further proceedings in the trial court upon remand. Either party may upon a new appeal request acceleration of the appeal.

Appeal dismissed and cause remanded to the trial court for further proceedings.