**Calvin E. COOK and Karren L. Cook, Plaintiffs–Respondents,**

v.

**Gene CURTIS, Defendant–Appellant,**

**and**

**Missouri Property Insurance Placement Facility, Defendant–Appellant.**

**Nos. 17852, 17871.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 1992.

Elizabeth A. Blaich, Summers, Walsh, Pritchett, and Blaich, P.C., Poplar Bluff, for defendant-appellant Gene Curtis.

Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for defendant-appellant Missouri Property Ins. Placement Facility.

H. Riley Bock, Portageville, for plaintiffs-respondents.

FLANIGAN, Judge.

These two consolidated appeals must be dismissed as premature for lack of a final judgment.

Plaintiffs Calvin E. Cook and Karren L. Cook brought this action against defendants Gene Curtis and Missouri Property Insurance Placement Facility, (hereinafter "Facility"). The petition was in two counts.

In general, Count I, directed against defendant Facility only, alleged: Plaintiffs are the owners of a certain described mobile home and its contents, both referred to as the "insured property"; defendant Curtis is in the business of selling insurance; on or before January 15, 1988, plaintiffs purchased, through Curtis, a fire insurance policy issued by defendant Facility; a copy of the policy is attached and incorporated; the policy went into effect on January 15, 1988, and plaintiffs paid the premium; Curtis acted as plaintiffs' agent in acquiring

the policy, which insured the insured property in the amount of $10,000; the policy contained provisions with respect to cancellation; the policy period was from January 15, 1988, through January 15, 1989; prior to January 15, 1989, Facility notified Curtis of the "pending policy expiration"; Curtis failed to notify plaintiffs of the pending policy expiration; Curtis failed to process the renewal application which was necessary to keep the policy in force "even though he has undertaken to do so on behalf of plaintiffs"; the policy expired on January 15, 1989, at 12:01 a.m.; on or about January 15, 1989, "the exact date and time being unknown to the plaintiffs," the insured property was completely destroyed by fire; plaintiffs filed their proof of loss with Facility; Facility refused to pay plaintiffs' claim and stated as the reason therefor that the policy expired "just hours before the loss"; "prior to cancelling the insurance policy of plaintiffs on January 15, 1989, because it received no renewal application an (sic) premium, Facility failed to give the 10–day notice of cancellation as required by paragraph 17.b of the policy"; failure of Facility to comply with the provisions of the policy caused the plaintiffs "to be without insurance coverage"; plaintiffs' loss exceeds $10,000.

The prayer of Count I requested judgment for $10,000, plus interest and costs, against defendant Facility only.

Count II, directed against defendant Curtis only, incorporated the allegations of Count I and then alleged:

"The failure of defendant Curtis to discharge his duties as agent for the plaintiffs was negligent and as a direct and proximate result thereof caused plaintiffs to suffer a loss in the amount of $10,000."

The prayer of Count II requested, *"in the alternative,"* judgment for $10,000, plus interest and costs, against defendant Curtis only.

Following a jury-waived trial, the trial court made findings of fact and conclusions of law and then entered the following:

"IT IS THEREFORE THE JUDGMENT OF THIS COURT that plaintiffs recover against defendants Curtis and [Facility], upon Counts I and II of their petition, a total sum of $10,000, together with interest thereon at the rate of nine percent per annum from May 20, 1991. The costs of these proceedings are taxed against defendants."

Both defendants seek to appeal.

■ A judgment which is indefinite is void and unenforceable. *Luna v. Grisham,* 620 S.W.2d 427, 428[1] (Mo.App. 1981); *Rodden v. Rodden,* 527 S.W.2d 41 (Mo.App.1975); *Loomstein v. Mercantile Trust Nat. Ass'n,* 507 S.W.2d 669 (Mo.App. 1974). See also *In re Marriage of Brooke,* 773 S.W.2d 496, 499[5] (Mo.App.1989). "[I]n this state, appellate courts acquire no jurisdiction on appeal from a void order except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Kansas City Sanitary Co. v. Laclede County,* 307 Mo. 10, 14–15, 269 S.W. 395, 397[2][3] (banc 1925); *In re Moore's Estate,* 354 Mo. 240, 249, 189 S.W.2d 229, 234–235[6] (1945)." *Webb v. First Nat. Bank & Trust Co. of Joplin,* 602 S.W.2d 780, 782[1, 2] (Mo.App. 1980).

■ Each count sought recovery of $10,000, together with interest and costs. The prayer of Count II was pleaded "in the alternative." It is at least arguable that the petition sought recovery of $10,000 plus interest and costs on Count I or on Count II, but not on both. It is at least arguable that a judgment in favor of plaintiffs on either count would preclude a judgment in favor of plaintiffs on the other count.[1]

It should be noted that the "judgment" does not specify the amount awarded on Count I or the amount awarded on Count

---

1. Appleman, Insurance Law and Practice § 8831, deals with the liability of an insurance agent to his client for failure to procure a policy. Section 8832 deals with circumstances not imposing liability. In the latter section, it is stated: "Nor would the agent be liable if he obtained the coverage requested. Thus, the agent would not be liable where the insured can recover under the insurance contract." (Citing authorities.)

II. It does not specify the defendant or defendants against whom any award on Count I is directed. It does not specify the defendant or defendants against whom any award on Count II is directed. If the judgment is construed as one against both defendants on both counts, it is beyond the scope of the petition which sought recovery against only one specified defendant on each count. See *Spink v. Mercury Ins. Co.*, 260 S.W.2d 757, 761–762[7] (Mo.App. 1953). The two counts are lumped together and the award is "a total sum of $10,000," without any allocation of the burden of that award between the two counts or between the two defendants.

The so-called judgment is indefinite and void. The appeals are dismissed.

MONTGOMERY, P.J., and PREWITT, J., concur.