**Gerald MOSS and Nora Moss, Plaintiffs–Respondents,**

v.

**Eric LANE, Defendant–Appellant.**

No. 19420.

Missouri Court of Appeals,
Southern District,
Division One.

May 31, 1995.

James L. Thomas, Waynesville, for appellant.

Steven Privette, Willow Springs, for respondents.

PER CURIAM.

This appeal must be dismissed as premature for lack of final judgment.

Plaintiffs Gerald Moss and Nora Moss, husband and wife, brought this action against defendant Eric Lane. The petition alleged that defendant converted to his own use 30 head of calves owned by plaintiffs. Defendant's answer denied those allegations.

Defendant filed a seven-count counterclaim. Plaintiffs filed a motion to dismiss each count. The trial court overruled plaintiffs' motion with regard to Counts I, II, and III, and dismissed Counts IV, V, VI, and VII without prejudice. The court ordered a separate trial on Counts I, II, and III. Those counts included claims which would not be foreclosed by a recovery on the petition.

A non-jury trial was held on the issues raised by the petition and the answer. On February 18, 1994, the court entered the following "Judgment and Order":

"Now on this 16th (sic) day of February, 1994, the court, having previously on the 22nd day of December, 1993, heard the evidence and testimony of the parties and having taken the cause under advisement finds that the defendant Eric Lane converted 30 head of calves owned by the plaintiff Nora Moss, on the 20th day of August, 1990.

"The court finds that the value of said calves as of the date of their conversion was $14,375.54. The court further finds that plaintiff is entitled to interest on said $14,375.54 at the legal rate of 9% from August 20, 1990, to the date of judgment and thereafter until said judgment is satisfied.

"So Ordered."

Defendant appeals.

Rule 74.01(b) V.A.M.R., 1994, in effect at the time of this appeal, reads, in pertinent part:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the partes shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (emphasis added).[1]

The so-called judgment[2] does not adjudicate the issues raised by the first three counts of defendant's counterclaim and plaintiffs' reply thereto. The judgment does not make the express determination required by Rule 74.01(b). The judgment is not a final judgment for purposes of appeal. Rule 74.01(b); *Davis v. Beck,* 881 S.W.2d 264, 265–266[1–3] (Mo.App.1994).

Appeal dismissed.

All concur.

---

**1.** Rule 74.01 was amended, effective January 1, 1995. The amendment is not material to the disposition of this appeal.

**2.** As to the petition, the "judgment" does not expressly award $14,375.54 to anyone although, arguably, it might be construed to award that amount to plaintiff Nora Moss. The "judgment" makes no mention of plaintiff Gerald Moss.