Holly A. LAVENDER, et al.,
Plaintiffs–Respondents,

v.

STATE AUTOMOBILE MUTUAL INSUR-
ANCE COMPANY, and Franklin Mar-
shall, III, Defendant ad litem for Donald
W. Hartgroves, deceased, Defendants–
Appellants.

No. 20146.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 1, 1995.

Richard G. Steele, Matthew M. Mocher-
man, Finch, Bradshaw, Strom & Steele, L.C.,
Cape Girardeau, for appellants.

Phillip J. Barkett, Jr., Dempster, Barkett,
McClellan & Edwards, Sikeston, for respon-
dents.

PER CURIAM.

This appeal must be dismissed as prema-
ture for lack of final judgment.

On April 28, 1993, William Lavender, Jr.
was a passenger in a Ford Ranger driven by
Donald W. Hartgroves. The Ford, which
was uninsured, collided with another vehicle.
The collision was caused by the negligence of
Hartgroves and resulted in the death of Wil-
liam Lavender, Jr. Plaintiffs are the surviv-
ing parents (William Lavender, Sr. and Ruth
Lavender), spouse and children of William
Lavender, Jr. Defendants are State Auto-
mobile Mutual Insurance Company and
Franklin Marshall, III, defendant ad litem
for Donald W. Hartgroves, deceased.

Pursuant to § 537.080,[1] plaintiffs sued the defendant ad litem for decedent's wrongful death. William Lavender, Sr. and Ruth Lavender were the named insureds under a policy issued by State Automobile Mutual Insurance Company, and they sought recovery under the uninsured motorist provisions of the policy.

Following the filing of a stipulation of facts executed by all parties, the trial court, on February 24, 1995, entered a "Judgment," which found: plaintiffs William Lavender, Sr. and Ruth Lavender have available to each of them $25,000 coverage on each of the three automobiles insured at the time of the death of William Lavender, Jr., for a total coverage of $150,000; the damages of plaintiffs exceed $150,000; "plaintiffs" shall have and recover from the defendants, and each of them, the sum of $150,000 on account of the wrongful death of William Lavender, Jr.; judgment is entered in favor of plaintiffs and against defendant State Automobile Mutual Insurance Company and the defendant ad litem for Donald W. Hartgroves, deceased, and each of them, in the sum of $150,000. "It is further ordered that upon motion of plaintiffs, or any of them, an apportionment hearing shall be heard by the court to determine each plaintiff's damages."

Only defendant State Automobile Mutual Insurance Company seeks to appeal from the judgment.

■ There is no final judgment because the trial court has not apportioned the recovery among the plaintiffs pursuant to § 537.095.3. Until apportionment is made, jurisdiction remains in the trial court and is not lodged here. *Kilmer v. Browning,* 806 S.W.2d 75, 85[27] (Mo.App.1991); *Schaefer v. Yellow Freight Systems, Inc.,* 788 S.W.2d 345, 346 (Mo.App.1990); *Bragg v. Missouri Pacific R.R.,* 756 S.W.2d 666, 667–668 (Mo. App.1988).

■ An insured has no obligation to assert a tort claim against a tort-feasor prior to filing suit against his or her uninsured motorist carrier. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 717[4] (Mo. banc 1979); *Schreiner v. Omaha Indem. Co.,* 854 S.W.2d 542, 544[5] (Mo.App.1993). The claim against the insurer under the uninsured motorist clause "is a separate and distinct cause of action" from the tort claim against the uninsured motorist. *Oates,* at 717[4].

Rule 74.01(b) reads, in pertinent part:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (emphasis added).

Although the action against appellant sounded in contract and was separate from the wrongful death action, the judgment does not make the express determination required by Rule 74.01(b). The judgment is not a final judgment for purposes of appeal. *Moss v. Lane,* 899 S.W.2d 571, 572 (Mo.App.1995); *Davis v. Beck,* 881 S.W.2d 264, 265–266[1–3] (Mo.App.1994).

Appeal dismissed.

All concur.

---

1. All references to statutes are to RSMo 1994, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.