Melinda Daina BILLINGSLEY, Individually, Melinda Daina Billingsley, as Next Friend of Anthony Ray Billingsley, and John T. and Eleanor Billingsley, Plaintiffs–Respondents,

v.

FORD MOTOR COMPANY,
Defendant–Appellant.

Nos. 20220, 20222.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 3, 1996.

Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, George E. Feldmiller, Stinson, Mag & Fizzell, P.C., Kansas City, for appellant.

Richard E. Davis and John E. Price, Whiteaker & Wilson, P.C., Springfield, for respondents.

PER CURIAM.

On April 6, 1995, a default "Final Judgment" was entered against Defendant–Appellant Ford Motor Company. Defendant sought to have the "Judgment" set aside under Rule 74.05(d). Following hearing, Defendant's Motion to set aside the "Judgment" was denied on May 5, 1995. Thereafter, Defendant filed, on May 15, 1995, Notice of Appeal, seeking to appeal from the "Judgment," and a Notice of Appeal from the Order overruling its Motion to set aside the "Default Judgment." Portions of the "Final Judgment" stated:

a) The Plaintiffs are awarded the amount of $3,866,445.00 for the wrongful death of John T. Billingsley, II.

b) Plaintiff, Melinda Daina Billingsley is awarded the amount of $500,000.00 on her claim for personal injuries sustained as a result of the accident, past and future medical expenses, past and future psychological counseling expenses, as well as past and future pain and suffering.

c) Plaintiff Tony Billingsley is awarded the amount of $500,000.00 on his claim for personal injuries sustained as a result of the accident, past and future medical expenses, past and future psychological counseling expenses, as well as past and future pain and suffering.

d) On the claim of plaintiffs for punitive damages against Ford Motor Company, the Court finds in favor of plaintiffs and assesses the damages of plaintiffs for punitive damages in the amount of $2,608,366.00.

Nowhere does the purported Judgment allocate the damages for wrongful death to the Plaintiffs, nor does it state the amount of punitive damages to which each individual Plaintiff is entitled. With certain exceptions not applicable here, a judgment must be in such form that execution may issue without requiring external proof or another hearing. *Commerce Bank of Springfield v. Green*, 760 S.W.2d 602, 603 (Mo.App.1988).

This District stated in *Cook v. Curtis*, 837 S.W.2d 29, 30 (Mo.App.1992), "A judgment which is indefinite is void and unenforceable [citing cases]. '[I]n this state, appellate courts acquire no jurisdiction on appeal from a void order except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal.' "

■ The trial court was required by § 537.095.3 RSMo 1994, to apportion the damages in the wrongful death case "among the persons entitled thereto in proportion to the losses suffered." That was not done. The districts of this Court agree that until the apportionment is made there is no judgment from which an appeal may be taken. *Lavender v. State Auto. Mut. Ins. Co.*, 908 S.W.2d 882, 883 (Mo.App.1995); *Kilmer v. Browning*, 806 S.W.2d 75, 85 (Mo.App.1991); *Schaefer v. Yellow Freight Systems*, 788 S.W.2d 345, 346 (Mo.App.1990); *Bragg v. Missouri Pac.R.R.*, 756 S.W.2d 666, 667–68 (Mo.App.1988).

■ In addition, by not determining the amount of punitive damages to which each Plaintiff was entitled, the judgment is too indefinite to be final. *See Cook*, 837 S.W.2d at 30; 46 Am.Jur.2d *Judgments*, § 100, pp. 453–54 (1994); 49 C.J.S. *Judgments*, § 75, pp. 194–95 (1947). *See also, State ex rel. Bromschwig v. Hartman*, 221 Mo.App. 215, 300 S.W. 1054, 1060 (1928) (illustrating problems that may arise from uncertain entitlement).

The appeals are dismissed and the matter remanded to the trial court for further proceedings.