**KITSMILLER CONSTRUCTION CO., INC., A Missouri Corporation, Plaintiff–Appellant,**

v.

**LLOYD'S CLEANERS, INC., David Samples, David Canaday, Barbara Canaday, and Teresa R. Samples, Defendants–Respondents.**

No. 20929.

Missouri Court of Appeals, Southern District, Division One.

May 19, 1997.

Steven E. Marsh, Hulston, Jones, Gammon & Marsh, Springfield, for plaintiff-appellant.

Jerry L. Reynolds, Reynolds & Conway, P.C., Springfield, for defendants-respondents.

Before BARNEY, P.J., and PREWITT and GARRISON, JJ.

PER CURIAM.

Plaintiff filed a petition in six counts, seeking recovery under a construction contract. Count I sought $5,000 plus interest and attorney's fees against Defendant Lloyd's Cleaners, Inc. Count II sought the same relief against Defendants David Samples and Teresa R. Samples. Count III sought $262.98 plus interest and attorney's fees against Defendant Lloyd's Cleaners, Inc. Count IV sought $262.98 plus interest and attorney's fees against the Defendants David Samples and Teresa R. Samples. Count V sought $5,000 plus interest and attorney's fees against Defendant David Samples. Count VI sought $5,262.98 plus interest and attorney's fees against Defendants David Samples and Teresa R. Samples.[1]

Following non-jury trial, the cause was taken under advisement, and the docket sheet shows the following:

Outside of the above entry, the record contains nothing that could be construed as a judgment or an attempt to enter judgment. For the reasons stated hereafter, this Court determines that the above entry is not a judgment from which an appeal will lie.

Even though not raised by the parties, an appellate court is obligated to notice *sua sponte* matters preventing it from obtaining jurisdiction. *Williams v. Westrip,* 917 S.W.2d 590, 591 (Mo.App.1996). A prerequisite to appellate review is a final judgment. *Id.*[2]

■■■ A judgment which is indefinite is void and unenforceable. *Cook v. Curtis,* 837 S.W.2d 29, 30 (Mo.App.1992). This Court has no jurisdiction on appeal from the void order except jurisdiction to determine its invalidity and to dismiss the appeal. *Id.* As in the purported judgment found defective in *Cook,* the subject entry does not specify the Defendant or Defendants or the counts under which the $260.00 is awarded. If it is against all five Defendants, then it is against two Defendants from whom Plaintiff sought no recovery. If it is against one or more

Defendants, it is not possible to tell which ones. Likewise, the reference to costs being assessed against the Defendant appears to be singular.[3]

With certain exceptions inapplicable here, a judgment must be in such form that execution may issue without requiring external proof and another hearing. *Commerce Bank of Springfield v. Green,* 760 S.W.2d 602, 603 (Mo.App.1988). In *Billingsley v. Ford Motor Co.,* 913 S.W.2d 137 (Mo.App.1996), punitive damages were awarded to plaintiffs without specifying the amount to which each plaintiff was entitled. This District concluded that by not allocating the amount the judgment was too indefinite to be final. 913 S.W.2d at 138.

The appeal is dismissed and the cause remanded to the trial court for entry of judgment in accordance with Rule 74.01 and this opinion.

---

1. Although David Canaday and Barbara Canaday are named as Defendants, Plaintiff alleged in its petition that they are each "a nominal party herein against whom no relief is sought."

2. After the entry dated 1–8–96, Plaintiff filed a "Motion to Vacate, Reopen, Clarify, Correct, Amend and/or Modify Judgment." The trial court declined to rule on it and no issue pertaining to that motion is now presented.

3. It appears that the symbol following "for" indicates Plaintiff, and the symbol after "to" indicates a Defendant, but which Defendant we do not know.