

# Missouri Court of Appeals

### Southern District

### Division One

THYMOIS P. LAMBROU,           )
                              )
    Plaintiff-Respondent,    )
                              )
vs.                           )    No. SD33825
                              )
ORLEY JACKSON, BETTY JACKSON, )    **Filed: June 22, 2016**
and CATHY BRACKETT,           )
                              )
    Defendants-Appellants.   )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Judge T. Lynn Brown

## **DISMISSED**

This appeal arises from a circuit court action in which Thymois P. Lambrou ("Plaintiff") sued Orley Jackson ("Mr. Jackson"), Betty Jackson ("Mrs. Jackson"), and their daughter Cathy Brackett ("Ms. Brackett")[1] in numerous counts relating to the sale of a home and disagreements regarding the use of neighboring land. The trial court entered a general judgment for Plaintiff, and Defendants appeal, raising seven points.

---

[1] The term "Defendants" will be used to refer to Mr. Jackson, Mrs. Jackson, and Ms. Brackett. The term "the Jacksons" will be used to refer to Mr. and Mrs. Jackson.

Although not raised by the parties, we must first address whether there is a final judgment in this case because a final judgment is a prerequisite to appellate review. ***Ndegwa v. KSSO, LLC***, 371 S.W.3d 798, 801 (Mo. banc 2012). "If the circuit court's judgment was not a final judgment, then the appeal must be dismissed." ***Id.***

Plaintiff filed suit against Defendants on June 26, 2002. As amended, the petition stated eleven counts. Count One sought a temporary restraining order against Defendants to prevent interference with Plaintiff's water supply. Count Two sought a preliminary injunction against Defendants to prevent interference with Plaintiff's water supply. Count Three sought a permanent injunction against Defendants to prevent interference with Plaintiff's water supply. Count Four sought damages from the Jacksons for breach of contract based on failure to supply water and failure to repair the damage caused by the leaks in the basement. Count Five sought $15,000 in damages for breach of contract from Ms. Brackett for maintaining "disabled automobiles and machinery and other junk materials" on her property. Count Six sought an injunction to prevent Ms. Brackett from maintaining those materials on her property. Count Seven sought $15,000 in damages from the Jacksons for intentional infliction of emotional distress caused by disconnecting Plaintiff's water supply. Count Eight sought relief from Mr. Jackson for negligence in constructing the home. Count Nine sought relief from Mr. Jackson for breach of the implied warranty of habitability. Count Ten sought relief from Mr. Jackson for breach of the implied warranty of fitness for a particular purpose. Count Eleven sought $15,000 in damages from

2

Defendants for fraudulent misrepresentation regarding the size of the lot, the quality of construction of the home, and the existence of a subdivision.

A trial was held that lasted several days spread out between August 2, 2012, and November 22, 2013. The trial court later issued findings of fact and conclusions of law. In that document, the judge enumerated the amount of damage Plaintiff sustained due to faulty construction of the home. The trial court also found Ms. Brackett had breached the Agreement Creating Restrictive Covenants. Although the trial court's findings and conclusions mentioned other damage amounts and legal claims, the operative portion of the judgment neither mentioned any count specifically nor apportioned the amounts owed among Defendants. It stated:

> Based on the foregoing Findings of Fact the [c]ourt has determined that it has the equitable power to enter the following Judgment that will adequately address the issues before this [c]ourt.
>
> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover the principal sum of $224,460.00 plus $31,000.00 attorney's fees for a total Judgment of $255,460.00,
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon payment of said Judgment by Defendants Plaintiff shall utilize from such payment such sums of money as is necessary to pay Plaintiff's first mortgage on the property in its entirety and Plaintiff shall execute a quit deed to the property known as #35 Betty Drive, Scott City, Mo. to the Defendants.
>
> On all claims by Defendants against Plaintiffs [sic] the [c]ourt finds in favor of Plaintiffs [sic]. In this regard if the Defendants have recorded any documents that create a lien on #35 Betty Drive said lien shall be deemed a nullity by this [c]ourt and Defendant shall be ordered to forthwith release said lien, if any.
>
> In the event Defendants fail to make payment as required by the [c]ourt herein execution shall lie for the full amount of the Judgment of $255,460.00 plus interest at the maximum legal rate.

> Costs are hereby taxed against Defendants.  Plaintiff shall submit its costs within 30 days hereof.

The amounts stated in that portion of the judgment did not match the findings regarding the damage sustained stated in the trial court's findings of facts and conclusions of law.  Given the complexity of this case, this judgment is too indefinite to be a final judgment.

"A judgment which is indefinite is void and unenforceable."  ***Kitsmiller Const. Co., Inc. v. Lloyd's Cleaners, Inc.***, 945 S.W.2d 616, 617 (Mo. App. S.D. 1997).  Where a petition seeks damages from several defendants in numerous counts, a general statement that judgment is entered for the plaintiff, without specifying which defendants must pay which amounts, is indefinite and does not constitute a final judgment.  ***Id.***; *see also* ***Cook v. Curtis***, 837 S.W.2d 29, 30-31 (Mo. App. S.D. 1992).

In the present case, we cannot determine from reading the judgment which counts justified the granting of relief and which Defendants must pay each amount.  Some of the counts had to have been stated in the alternative because they sought damages for the faults in the home, but the judgment does not specify which counts were granted.  Moreover, some of the counts in the petition sought damages against all Defendants, while some sought damages against Ms. Brackett alone or against the Jacksons or against Mr. Jackson alone.  However, the judgment simply lumps all Defendants and all the counts together.  If the judgment is read as requiring Defendants to pay the damages together, it goes beyond the relief requested, as some counts did not request damages against all Defendants.  If the judgment was intended to award particular damages from

4

particular parties, it is impossible to determine how those damages are to be apportioned from the judgment as written.  Under these circumstances, the judgment is too indefinite to be a final judgment.

## **Decision**

The appeal is dismissed for lack of a final judgment.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS