Because CCR abandoned the issue of priority in relation to DLJ’s judgment lien, CCR

cannot now overcome the trial court’s finding that any liens CCR may have had on the Property

are subordinate to DLJ’s lien. See Emsweller, 591 S.W.3d at 498 (internal citation omitted)

(noting we will affirm a judgment on the pleadings where no evidence could produce a different

result). Thus, any error in the trial court’s finding that CCR had no lien against the Property was

harmless because CCR abandoned its claim of priority over DLJ’s 2010 judgment lien.

Accordingly, any judgment liens CCR has against the Property are subordinate to DLJ’s

judgment lien. Point One is denied.

 B. The 2020 Judgment was a Valid, Final Judgment but Erred in not Specifying
 CCR’s Judgment Liens (CCR’s Points Nine and Ten)

 Relatedly, Points Nine and Ten raise issues with respect to the 2020 Judgment’s final

determination of the status and interest of CCR’s judgment liens. In Point Nine, CCR maintains

the 2020 Judgment was void for being vague and indefinite as to other liens on the Property.

Correspondingly, CCR argues in Point Ten that the trial court erred as a matter of law by finding

against its claim to quiet title on the Property because the judgment did not state CCR’s rights

and interests in the Property based on its judgment liens.

 “A judgment which is indefinite is void and unenforceable” as a matter of law. Lambrou

v. Jackson, 497 S.W.3d 304, 306–07 (Mo. App. S.D. 2016) (internal quotation omitted) (finding

a judgment in a complex, multiparty case was not final where it generally found for the plaintiff

but failed to specify which defendants must pay which amounts). A trial court’s judgment is

final when it disposes of “all issues in a case, leaving nothing for future determination.” First

Nat’l Bank of Dieterich v. Pointe Royale Prop. Owners’ Ass’n, Inc., 515 S.W.3d 219, 221 (Mo.

banc 2017) (internal quotation omitted).

 10